IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERITAGE REALTY MANAGEMENT, INC., | ) | CASE NO. CA04-333 ERIE |
| Plaintiff, | ) | JUDGE SEAN McLAUGHLIN |
| vs. | ) | |
| JOHN ALLIN d/b/a ALLIN COMPANIES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS
ANSWER TO ADD A COUNTERCLAIM INSTANTER**
**INTRODUCTION**

Plaintiff's *Response to Defendant's Motion for Relief to Amend Answer to Add a Counterclaim* ("Response") asserts that Defendant's counterclaim would be futile because a contract exists between the parties, but fails to account for the fact that Defendant's counterclaim is for money expended **prior to** the execution of the contract in reliance on promises made by Plaintiff. In his *Motion for Leave to Amend His Answer to Add a Counterclaim Instanter* ("Motion"), Defendant maintains that the contract entitles him to recover for work and services performed prior to execution of the contract, and that his counterclaim for promissory estoppel is "an alternative legal position to recover those expenses" in the event that Plaintiff asserts that such work and services are not within the contract. Defendant's counterclaim raises meritorious claims, and therefore, the Court should permit Defendant to add a counterclaim for promissory estoppel.

**LAW AND ARGUMENT**

Plaintiff's sole argument is that permitting Defendant to amend his answer to add a counterclaim would be futile because the parties entered into a valid contract. The Federal Rules of Civil Procedure provide that a motion to amend a pleading should be freely granted

when justice so requires. Fed. R. Civ. P. 15(a). A district court does have discretion to deny a request under several circumstances, including when the amendment would be futile. Hill v. City of Scranton, 411 F.3d 118, 134 (3rd Cir. 2005); see also Edwards v. Storage Technology Corp., Civ. A. No. 97-5427 1999 U.S. Dist. LEXIS 2059, at *5 (E.D. Pa. March 1, 1999) (stating that the court will consider whether the counterclaim is meritorious when deciding whether to grant leave to amend). However, the command that leave be freely given when justice requires is "a mandate that must be heeded." Edwards, 1999 U.S. Dist. LEXIS 2059, at *4.

The promissory estoppel doctrine allows a court to enforce a party's promise in order to prevent unfairness in situations where there is an absence of consideration. Healthcare Services, Inc. v. National Prescription Administrators, Inc., 867 F.Supp. 1223, 1228 (E.D. Pa. 1994). The necessary elements for a claim of promissory estoppel requires: (1) the promisor made a promise that he should have reasonably expected would induce action or forbearance on the part of the promisee; (2) the promisee actually took action or refrained from taking action in reliance on the promise; and (3) injustice can be avoided only by enforcing the promise. Id. See also, Crouse v. Cyclops Industries, 745 A2d 606, 610 (Pa. 2000).

In this case, Plaintiff promised Defendant that he would be awarded the contract to provide snow and ice removal services for Plaintiff's properties. Plaintiff knew that this promise would induce Defendant to take action in preparation of performing those services. Defendant did take action by working to hire personnel, including field managers and service providers, and by obtaining necessary equipment. The only way to avoid injustice is to permit Plaintiff to recover for the work that was done as a result of Plaintiff's promise.

Plaintiff argues that the existence of a contract with an integration clause prohibits a promissory estoppel counterclaim for work and services performed prior to execution of the

2

contract. Plaintiff cites two cases to support this proposition, both of which are distinguishable. In Carlson v. Arnot-Ogden Memorial Hosp., 918 F.2d 411 (3d Cir. 1990), the Court stated that generally, the doctrine of promissory estoppel is "invoked in situations where the formal requirements of contract formation have not been satisfied . . . ." Id. at 416. In that case, however, the plaintiff attempted to assert a promissory estoppel claim for damages incurred **after** the parties had entered into an employment contract. Similarly, in Linden v. SAP America, Inc., No. Civ. A. 03-3125, 2004 WL 1047719 (E.D. Pa. May 6, 2004), the Court states that promissory estoppel is an equitable remedy to be implemented only where there is no contract. Id. at *20. Again, the plaintiff sought damages under a theory of promissory estoppel for damages that occurred **after** he had entered into an employment contract with Defendant. Id. The Linden court noted, however, that promissory estoppel claims may be pleaded as an alternative legal theory even where the parties executed a contract. Id.

In this case, Defendant is seeking damages for work and services performed **prior to** entering into the contract with Plaintiff. No contract was in existence at the time Defendant began performing, he merely relied on a promise by the Plaintiff. Furthermore, Defendant clearly argued in his Motion that the contract entitled him to recover all of his losses, and that his counterclaim was an alternative legal theory under which to recover:

> Although Defendant maintains that the contract between the parties entitles him to restitution for all work or services performed with respect to the contract including work and services performed prior to the actual execution of the contract, in the event Plaintiff asserts that such work and services performed are not within the contract, an alternative legal position to recover those expenses in counterclaim is necessary to protect    Defendant.

(*Defendant's Motion for Leave to Amend Answer to Add a Counterclaim Instanter*, p. 4).

## CONCLUSION

Defendant should be permitted to amend his answer to add a counterclaim for promissory estoppel. His claim is meritorious because he is seeking recovery for damages incurred prior to the execution of the contract between the parties. In addition, Defendant clearly alleged that he is entitled to these damages under the contract, and that his claim for promissory estoppel is an alternative legal position in the event Plaintiff asserts such work or damages are not within the contract. Accordingly, Defendant respectfully requests that the Court grant his *Motion for Leave to Amend Answer to Add a Counterclaim*.

Respectfully submitted,

/s/Craig A. Markham

Craig A. Markham, Esq. (38531)
Elderkin, Martin, Kelly & Messina
150 E. 8th Street
Erie, Pennsylvania 16501
Telephone (814) 456-4000
Facsimile (814) 454-7411

Frank R. DeSantis, Esq. (0030954)
Amanda A. Kessler, Esq.
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Telephone (216) 566-5500
Facsimile (216) 566-5800

***Co-Counsel for Defendant John Allin d/b/a Allin Companies***

5

5