IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERITAGE REALTY MANAGEMENT, INC., | ) Docket No. 04-333E |
| | ) (Judge McLaughlin) |
| Plaintiff | ) ELECTRONICALLY FILED PLEADING |
| vs. | ) JURY TRIAL DEMANDED |
| JOHN ALLIN d/b/a ALLIN COMPANIES and SNOW MANAGEMENT GROUP, | ) RESPONSE TO DEFENDANT'S MOTION FOR RELIEF TO AMEND ANSWER TO ADD A COUNTERCLAIM |
| Defendant | ) |
| | ) Filed on behalf of: Heritage Realty Management, Inc. |
| | ) Counsel of record for this party: |
| | ) Richard A. Lanzillo, Esq. |
| | ) Knox McLaughlin Gornall & Sennett, P.C. |
| | ) 120 West 10th Street |
| | ) Erie, PA 16501 |
| | ) Telephone (814) 459-2800 |
| | ) Facsimile (814) 453-4530 |
| | ) Email rlanzillo@kmgslaw.com |
| | ) PA53811 |

**RESPONSE TO DEFENDANT'S MOTION FOR RELIEF TO
AMEND ANSWER TO ADD A COUNTERCLAIM**

I.   **FACTS AND PROCEDURAL HISTORY**

This matter involves a snow removal contract (the "Contract") that Heritage Realty Management, Inc. ("Heritage") and John Allin d/b/a Allin Companies ("Allin") entered into on October 12, 2004. Pursuant to the terms of this Contract, Allin was to provide Heritage with snow and ice removal services at its properties located throughout the United States. On November 3, 2004, less than one month after the execution of the Contract, Heritage terminated

the contract pursuant to and consistent with its termination provisions. Heritage did so as a result of material misrepresentations made, either actively or by omission, by Allin during the negotiations leading up to the Contract.

On November 15, 2004, Heritage filed a two count complaint against Allin seeking recovery of the $340,482.90 it had paid to Allin prior to its termination of the Agreement. Pursuant to the termination provisions of the Contract, Heritage is entitled to a full refund of this initial payment. On January 14, 2005, Allin filed his Answer to Heritage's Complaint. On June 2, 2005, Allin filed its Motion for Leave to Amend its Answer to add a Counterclaim Instanter.

## II. ARGUMENT

### Allin's Motion to Amend his Answer Should be Denied Because his Proposed Counterclaim is Legally Insufficient

Granting a party leave to amend a pleading is not appropriate when the pleading, as amended, would be futile. Hill v. City of Scranton, 411 F.3d 118, 134 (3d Cir. 2005). An amended pleading is futile when it fails to state a claim upon which relief can be granted. Id. Allin seeks to amend his Answer to add a counterclaim that includes one count sounding in promissory estoppel. Such an amendment would be futile because Allin's proposed claim cannot succeed in the face of the express agreement at issue in this case.

The doctrine of promissory estoppel "allows [a] court to enforce a party's promise that is unsupported by consideration." Carlson v. Arnot-Ogden Memorial Hosp., 918 F.2d 411, 416 (3d Cir. 1990). Relief under a promissory estoppel claim is not warranted when an express contract exists. See Id.; Linden v. SAP America, Inc., No. Civ. A. 03-3125, 2004 WL 1047719,

-3-

*7 (E.D. Pa.) (holding that where a contract exists between two parties a claim under a theory of promissory estoppel is precluded.)

In his proposed amended Answer, Allin includes a single counterclaim sounding in promissory estoppel.  This claim is not offered in the alternative nor is it limited to a situation where the Contract that exists between Heritage and Allin is found unenforceable.  Instead, Allin brings this promissory estoppel claim in the face of the facially valid Contract.  The Contract expressly identifies the compensation Allin is due in the event of a termination of the contract.  Specifically, pursuant to paragraph 17 of the Contract, when Heritage terminated the Contract upon appropriate written notice, Allin was entitled to payment "for all work or services performed and equipment and materials supplied to the date of the termination."  Additionally, the Contract contains an integration clause stating that the Contract, together with its exhibits and addenda, represents "the entire and integrated agreement between Heritage and Contractor and supersedes all prior negotiations, representations or agreements, either written or oral."  Allin's attempt now to plead a counterclaim sounding in promissory estoppel in the face of the Contract's expressed integration clause and specific treatment of the amount to which he is entitled in the event of a termination is improper.  Therefore, his counterclaim is legally insufficient and allowing an amendment to add that counterclaim would be futile.

### III.    CONCLUSION

For the foregoing reasons, Heritage respectfully requests that this Court deny Allin's Motion for Leave to Amend its Answer to add a Counterclaim Instanter.

-4-

    Respectfully submitted,

    KNOX McLAUGHLIN GORNALL &
    SENNETT, P.C.


BY: <u>/s/         Richard A. Lanzillo, Esq.</u>
    Richard A. Lanzillo, Esquire
    120 West Tenth Street
    Erie, PA  16501
    Telephone (814) 459-2800
    Facsimile (814) 453-4530
    Email rlanzillo@kmgslaw.com
    PA53811


    Attorneys for plaintiff,
    Heritage Realty Management, Inc.

# 624355