IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERITAGE REALTY MANAGEMENT, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>JOHN ALLIN d/b/a ALLIN COMPANIES, )<br>)<br>Defendant. ) | CASE NO. CA04-333 ERIE<br><br>JUDGE SEAN McLAUGHLIN |

**ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM**

For its Answer to Amended Complaint and Counterclaim against Plaintiff Heritage Realty Management, Inc. ("Heritage") Defendant John Allin d/b/a Allin Companies ("Allin") states as follows:

**FIRST DEFENSE**

1. Allin denies the allegations in paragraph 1 of the Amended Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

2. Allin denies that he is an individual doing business as Snow Management Group, but admits the remaining allegations contained in paragraph 2 of the Amended Complaint.

3. Allin denies the allegations in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Allin alleges the document referenced in paragraph 4 of the Amended Complaint speaks for itself. Allin denies any allegations inconsistent with the Contract.

5. Allin alleges the document referenced in paragraph 5 speaks for itself. Allin denies any allegations inconsistent with the Contract.

6. Allin admits that on or about October 15, 2004, Heritage made an initial payment of $340,482.90, but denies the remaining allegations contained in paragraph 6 of the Amended Complaint.

7. Allin alleges the document referenced in paragraph 7 of the Amended Complaint speaks for itself. Allin denies any allegations inconsistent with the Contract.

8. Allin admits that by November 12, 2004 he received a letter from Heritage which purported to terminate the parties' contract.

9. Allin denies the allegations contained in paragraph 9 of the Amended Complaint.

10. Allin admits the allegations contained in paragraph 10 of the Amended Complaint.

11. Allin admits the allegations contained in paragraph 11 of the Amended Complaint.

## AS TO COUNT ONE
### Breach of Contract

12. Allin incorporates by reference the admissions and denials as previously set forth in paragraphs 1-11 of this Answer as if fully set forth herein.

13. Allin alleges the document referenced in paragraph 13 of the Amended Complaint speaks for itself. Allin denies any allegations inconsistent with the Contract.

14. Allin denies the allegations contained in paragraph 14.

15. Allin admits that he received a letter from Heritage which purported to terminate the contract.

16. Allin denies the allegations contained in paragraph 16.

17. Allin denies the allegations contained in paragraph 17.

18. Allin denies the allegations contained in paragraph 18.

11080979.1

WHEREFORE, having fully answered plaintiff's Complaint, defendant John Allin d/b/a Allin Companies, respectfully requests that plaintiff's complaint be dismissed, and that judgment be entered in its favor on all of the plaintiff's claims against it, that it recovers its costs incurred herein and that it be granted such other relief as this Court deems just and proper

**SECOND DEFENSE**

18. Heritage's Complaint fails to state a cause of action upon which relief can be granted.

**THIRD DEFENSE**

19. Allin is entitled, pursuant to paragraph 17 of the Contract, to offset any monies allegedly due and owing to Heritage with costs incurred as a result of all work and services performed by Allin and all equipment and materials supplied by Allin as of the date of Heritage's alleged termination of the Contract.

**FOURTH DEFENSE**

20. Allin expressly reserves the right to amend this Answer to assert any and all defenses, the predicate from which may arise during discovery.

WHEREFORE, having fully answered plaintiff's Complaint, defendant John Allin d/b/a Allin Companies, respectfully requests that plaintiff's complaint be dismissed, and that judgment be entered in its favor on all of the plaintiff's claims against it, that it recovers its costs incurred herein and that it be granted such other relief as this Court deems just and proper.

11080979.1

## **COUNTERCLAIM**
### **COUNT I**
### **Promissory Estoppel**

1. For purposes of this counterclaim only, Defendant hereby incorporates by reference as if set forth fully herein those allegations of the Amended Complaint and of this Answer to the limited extent needed to establish the facts necessary to support this Court's jurisdiction over this matter.

2. In or around January 2004, Heritage approached Defendant about providing snow removal services for properties owned by Plaintiff.

3. Heritage entered into negotiations with Defendant and on October 12, 2004, a written contract was entered into by and between Heritage and Allin for the removal of snow and ice by Allin from Heritage properties.

4. Prior to executing the written contract, Heritage made representations to Defendant of its intent to enter into a contract with him for snow removal services.

5. The representations included an August 14, 2003 letter in which Heritage expressed its willingness to enter into a contract with Defendant.

6. In reliance on those statements, and in anticipation of the contract, Allin provided services necessary to performance of the contract.

7. Defendant and his employees devoted their full time and energy towards securing the appropriate personnel and equipment to adequately meet its obligations under the contract, including hiring and training field managers in several regions to supervise the snow removal at Heritage properties located within those regions, and working to secure contracts with various service providers for the removal of snow and ice.

8. As a result of Allin's reliance on Plaintiff's representations, he incurred costs for work, services, equipment and materials he supplied.

11080979.1

WHEREFORE, it is respectfully requested that the Court enter judgment in favor of John Allin d/b/a Allin Companies and against Heritage for restitution for costs incurred in anticipation of performing the contract together with interest and costs of suit.

Respectfully submitted,

/s/ Craig A. Markham
Craig Markham, Esq. (38531)
Elderkin, Martin, Kelly & Messina
150 E. 8th Street
Erie, Pennsylvania 16501
Telephone (814) 456-4000
Facsimile (814) 454-7411


Frank R. DeSantis, Esq. (0030954)
Amanda A. Kessler, Esq.
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Telephone (216) 566-5500
Facsimile (216) 566-5800

***Co-Counsel for Defendant John Allin
d/b/a Allin Companies***

11080979.1

## CERTIFICATE OF SERVICE

  A copy of the foregoing *Amended Answer and Counterclaim* was filed electronically on this __ day of September, 2005.  Parties will receive notice through the Court's electronic filing system.

                     Craig A. Markham, Esq.
                     *One of the Attorneys for Defendant*
                     *John Allin d/b/a Allin Companies*