IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERITAGE REALTY MANAGEMENT, INC., <br><br> Plaintiff <br><br> vs. <br><br> JOHN ALLIN d/b/a ALLIN COMPANIES and SNOW MANAGEMENT GROUP, <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. CA 04-333 ERIE <br> ) <br> ) JUDGE SEAN MCLAUGHLIN |

## ANSWER TO COUNTERCLAIM

AND NOW, comes the plaintiff, Heritage Realty Management, Inc., by and through its counsel, Knox McLaughlin Gornall & Sennett, P.C., and files the following as its Answer to defendants counterclaim:

## FIRST DEFENSE

1.  In response to paragraph 1 of the Counterclaim, plaintiff, Heritage Realty Management, Inc. ("Heritage"), incorporates by reference its Amended Complaint. Heritage admits that this Court has jurisdiction over this matter.

2.  Admitted

3.  Admitted

4.  Admitted in part and denied in part. It is admitted that prior to executing the October 12, 2004 written contract, and as part of the negotiations preceding that contract, Heritage and John Allin d/b/a Allin Companies and Snow Management Group (collectively "Allin") expressed their intent to enter into a contract for snow removal services at various properties owned by Heritage. The remaining allegations of paragraph 4 are denied.

5.      The August 14, 2003 letter from Heritage to Allin is a written document that speaks for itself.  Heritage denies the allegations of paragraph 5 to the extent they characterize or otherwise go beyond the plain language of the August 14, 2003 letter.

6.      Denied.  Heritage specifically denies that Allin provided any services prior to the October 12, 2004 contract or prior to Heritage's termination of the contract.

7.      Heritage is without sufficient information to admit or deny the allegations of paragraph 7 and, therefore, the same are denied.

8.      Denied.  It is specifically denied that Heritage made any representations to Allin upon which he could legitimately rely to incur any reimbursable or otherwise collectible cost.  It is further denied that Allin supplied Heritage with any services, work, equipment or materials.

## SECOND DEFENSE

9.      Allin's counterclaims fails to state a cause of action upon which relief can be granted

## THIRD DEFENSE

10.     Allin's counterclaim is barred, in whole or in part, by the existence of the October 12, 2004 contract between Heritage and Allin.

## FOURTH DEFENSE

11.     Allin's counterclaim is barred, in whole or in part, by the statute of frauds

## FIFTH DEFENSE

12.     Allin's counterclaim is barred, in whole or in part, by the equitable doctrine of laches.

WHEREFORE, Heritage Realty Management, Inc. respectfully requests that this Court enter judgment in its favor and against John Allin d/b/a Allin Companies and Snow Management Group.

        Respectfully submitted,

        KNOX McLAUGHLIN GORNALL &
        SENNETT, P.C.

BY: /s/        Neal R. Devlin.
        Richard A. Lanzillo, Esquire
        Neal R. Devlin, Esquire
        120 West Tenth Street
        Erie, PA  16501
        Telephone (814) 459-2800
        Facsimile (814) 453-4530
        Email ndevlin@kmgslaw.com
        PA89223

        Attorneys for plaintiff,
        Heritage Realty Management, Inc

# 638646