IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERITAGE REALTY MANAGEMENT, INC., | ) ) ) | Docket No. 04-333 ERIE (Judge Sean J. McLaughlin) |
| Plaintiff | ) ) | ELECTRONICALLY FILED PLEADING |
| vs. | ) ) ) | MOTION TO EXCLUDE EVIDENCE OF ALLEGED TIME AND EXPENSES |
| JOHN ALLIN d/b/a ALLIN COMPANIES and SNOW MANAGEMENT GROUP, | ) ) ) ) | Filed on behalf of: Plaintiff, Heritage Realty Management, Inc. |
| Defendant | ) ) ) ) ) ) ) ) ) ) ) | Counsel of record for this party: Richard A. Lanzillo, Esq. Knox McLaughlin Gornall & Sennett, P.C. 120 West 10th Street Erie, PA 16501 Telephone (814) 459-2800 Facsimile (814) 453-4530 Email rlanzillo@kmgslaw.com PA53811 |

**MOTION TO EXCLUDE EVIDENCE OF ALLEGED TIME AND EXPENSE/SET-OFFS**

AND NOW, comes the plaintiff, Heritage Realty Management, Inc., through its counsel, Knox McLaughlin Gornall and Sennett, P.C., and files the following Motion to Exclude Evidence of Alleged Time and Expense/Set-offs:

1. Plaintiff, Heritage Realty Management, Inc. ("Heritage"), filed this action to recover funds due and owing to it under the terms of an October 12, 2004 Snow Removal Contract ("Contract") with the defendant, John Allin d/b/a Allin Companies and Snow Management Group ("Allin").

2. In response to this claim, Allin has asserted that he incurred costs and expenses under the terms of the Contract that he is permitted to off-set from the amount due and owing to Heritage. (Allin's Answer to Amended Complaint and Counterclaim, ¶ 19).

3. On March 10, 2005, Heritage propounded discovery on Allin seeking, among other things, any and all information in support of his claim that he incurred costs and expenses that can be off-set from the amount due and owing to Heritage.

4. On May 18, 2005, Allin responded to Heritage's discovery requests and, in response to the questions and requests related to his claimed costs and expenses, submitted a four-page synopsis of claimed expenses and employee time devoted to the Heritage account. A copy of this response is attached hereto as Exhibit "A".

5. There were no time records or other supporting documentation provided with this summary, other than an itemization of travel expenses.

6. On October 31, 2005, the parties engaged in a status/settlement conference before the Court. During that conference, the Court ordered Allin to produce records in support of the claimed costs and expenses. Pursuant to the Court's order, Allin was to produce this information by November 15, 2005.

7. On November 22, 2005, seven days after the deadline for Allin to produce records in support of his claimed expenses, Heritage had not received those records and filed a Motion to Compel.

8. On November 23, 2005, the Court granted Heritage's Motion to Compel and ordered that Allin:

> shall have until December the 10th to produce any and all records within their possession or control responsive to the discovery request. Or failing that, to explain in detail the effort or efforts that were made to locate any such records in the event that the

>   defendants ultimately claim that they have no records that are responsive. In the event that the records do exist but for logistical or other reasons have not been or cannot be produced by December 10th, I will preclude any proof on the issues that would have been generated in connection with those records.

A copy of the Court's order and relevant record is attached hereto as Exhibit "B".

9. On December 9, 2005, Allin produced thirteen pages documents dealing with his claimed expenses. These documents are attached hereto as Exhibit "C".

10. Of these thirteen pages, eight were nearly identical to the insufficient summary Allin previously produced, with the only difference being minor additions to the summary.

11. The remaining documents are additional summaries of claimed expenses and broad descriptions of activities and time spent on those activities. None of the documents produced by Allin contain any time records or any meaningful breakdown of time, costs or expenses. Instead, they are block summaries of several employees' time that are neither specific nor plausible. For instance, for each trip allegedly taken by Allin or his employees, Allin is claiming reimbursement for 100% of his or his employees' time away from Erie. Thus, when Allin allegedly traveled to "present SMG to Heritage" between February 22, 2004 and February 24, 2004, he allocated 48 hours of time at $225.00 per hour as an alleged reimbursable expense. (Document produced by Allin, attached as Exhibit "C"). This charge presumably includes time Allin spent sleeping.

12. The vast majority of Allin's claimed time, costs and expenses also pre-date the Contract. Based on the woefully insufficient information Allin has produced, it appears that only approximately 5% of the time, expenses and costs that Allin is claiming as a set-off was incurred between the date of the Contract and its termination. Regardless of the evidence to

support them, time, costs and expenses incurred before the Contract's effective date or after its termination are not reimbursable. Therefore, Heritage also challenges any and all expenses that pre-date the Contract, were for actions not related to the Contract, or that post-date the termination of the Contract.

13. In addition to the insufficient support for the claimed time spent by Allin and his employees, there is no evidence to support the rates being charged by Allin. For instance, Allin seeks to charge $225 per hour for all of his claimed time, $225 per hour for his wife's time allegedly devoted to "h.r." and $165 per hour for Jeffery Vernon's time allegedly devoted to "bus. devel." Despite claiming that these rates are based on rates actually charged in management contracts entered into by Allin, he has not produced any records, documents or other evidence to support that assertion.

14. Allin has now had two opportunities to produce sufficient records and information to support his claimed expenses and he has failed to do so. Additionally, Allin has not claimed an inability to produce the records or given any explanation as to the efforts he undertook in his failed effort to produce them.

15. Consistent with this Court's order on November 23, 2005, all evidence of the time, costs and/or expenses being claimed by Allin, including the summaries and records produced to date, should be excluded.

WHEREFORE, plaintiff, Heritage Realty Management, Inc., respectfully requests that this Court exclude any and all evidence related to any and all time, costs and/or expenses that John Allin d/b/a/ Allin Companies and Snow Management Group claim as set-offs against plaintiff's pre-payment under the October 12, 2004 Contract.

        Respectfully submitted,

        KNOX McLAUGHLIN GORNALL &
        SENNETT, P.C.


BY: /s/ Richard A. Lanzillo, Esq.
     Richard A. Lanzillo, Esquire
     Neal R. Devlin, Esquire
     120 West Tenth Street
     Erie, PA  16501
     Telephone (814) 459-2800
     Facsimile (814) 453-4530
     Email rlanzillo@kmgslaw.com
     PA53811

     Attorneys for plaintiff,
     Heritage Realty Management, Inc