IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HERITAGE REALTY MANAGEMENT,       )
INC.,                             )
                    Plaintiff     )
                                  )
            v.                    )    CIVIL ACTION NO. 04-333 ERIE
                                  )
JOHN ALLIN d/b/a ALLIN            )
COMPANIES and SNOW MANAGEMENT     )
GROUP,                            )
                    Defendant     )

HEARING ON PLAINTIFF'S MOTION TO COMPEL

Proceedings held before the HONORABLE

SEAN J. McLAUGHLIN, U.S. District Judge,

in Judge's Chambers, U.S. Courthouse, Erie,

Pennsylvania, on Wednesday, November 23, 2005.

APPEARANCES:
            RICHARD A. LANZILLO, Esquire, appearing on
            behalf of the Plaintiff.

            CRAIG A. MARKHAM, Esquire, appearing on behalf
            of the Defendant.

            Ronald J. Bench, RMR - Official Court Reporter

2

1                       P R O C E E D I N G S

2

3          (Whereupon, the proceedings began at 10:58 a.m., on

4    Wednesday, November 23, 2005, in Judge's Chambers.)

5

6          THE COURT:  We have a motion to compel here.

7    There's a request for various documents that were identified at

8    our previous get-together.  My understanding is they have not

9    yet been produced, is that right?

10          MR. LANZILLO:  That's correct, your Honor.  Judge,

11   the need for documents is twofold.  There was some thought that

12   if those documents would be produced, Mr. Allin indicated this,

13   it would be difficult to come up with them, that that might

14   facilitate further settlement discussions.  At the same time

15   failing that, we have until December 10th to complete our

16   depositions, we really can't even get them started until we

17   take a look at those records.

18          THE COURT:  What's going on with these records?

19          MR. MARKHAM:  Well, as far as I know -- I've been in

20   communication with Mr. Allin principally by e-mail since the

21   October 31st conference we had.  My recollection is at that

22   conference it was agreed he'd try to produce these records in

23   two weeks.  We're a week or so late in doing that.  After I got

24   the motion late yesterday, I e-mailed him with the motion, he

25   indicated that he was out of the office, people there were

1    working on this.  This morning I actually called his office,

2    he's not there, he's in Canada somewhere, I did speak with his

3    wife, who's been kind of the office manager.  Who indicates

4    that the records, she's not involved in collecting them, she's

5    not sure they exist.  She is now trying to communicate with her

6    husband, who's apparently in Canada somewhere and not expected

7    back until late, midnight.  I sent him an e-mail, also, when I

8    got the call this morning.  I've not received them, the records

9    that we were talking about at the last meeting.

10              THE COURT:  That were the subject of the request for

11   production?

12              MR. MARKHAM:  Right.  There was a request even

13   before Attorney Lanzillo became involved for production, which

14   was responded to, we produced like a whole box of documents.  I

15   understand he wants more.  If they exist, he certainly is

16   entitled to them.

17              THE COURT:  When does discovery end, December 10th?

18              MR. LANZILLO:  December 10th.  What was produced,

19   judge, was a schedule purporting to be itemized expenses

20   incurred relative to this contract.  The lion's share, as I

21   recall, of the expenses that were attributable to many, many

22   hours of work that was purportedly done by various people in

23   this organization.  And Mr. Allin indicated we have the records

24   to document what was done and that's how we followed up, and

25   the basis on which the court directed further production.

4

1          THE COURT:  Wasn't there -- I'm just trying to

2    figure out how to fashion this order.  Wasn't there some

3    original belief on the part of Mr. Allin that these records

4    existed?

5          MR. MARKHAM:  My recollection is that he did

6    indicate that he thought they exist.

7          THE COURT:  In some form or fashion?

8          MR. MARKHAM:  Right.  When I talked to his wife

9    today, this is really the first she heard of this document

10   request, she wasn't convinced that they do exist.  Although --

11         THE COURT:  Well, I'm going to enter an order here

12   presently that they be produced by a certain date.  Failing

13   that -- well, put it this way.  After a reasonable and diligent

14   search, parties are always entitled to say we don't have any

15   records that would address the issue.  And you can't get what

16   they don't have.  If that's the answer, that's the answer.

17         MR. LANZILLO:  I understand, judge.  Mr. Allin has

18   gone on record, not just saying the documents exist, but

19   saying -- quantified the number of hours that were devoted to

20   specific tasks.  Which unless someone was working from a

21   remarkable memory, makes me question where he came up with

22   those numbers.  But that can be the subject of further

23   discussion at a later date.

24         THE COURT:  Like a deposition.  Put it this way.  If

25   the records exist and they're not produced by a date certain,

5

1   I'm going to preclude any proof on the issue, which is

2   essentially the functional equivalent to almost directing a

3   verdict in favor of them on their damage issue.  On the other

4   hand, if they don't have the records, then they can't be

5   faulted for that.  And it just becomes a question of weight to

6   the testimony, I suppose.  Do you follow what I'm saying?

7           MR. MARKHAM:  I believe I do, judge.  If they exist

8   or they're not produced in accordance with this order --

9           THE COURT:  The sanction is going to be that you're

10  going to be precluded from defending on the basis of these

11  other startup costs.  Which essentially is going to be that's

12  the case.

13          MR. MARKHAM:  If the documents don't exist, that

14  issue rises and falls with the testimony?

15          THE COURT:  Yes.  I can't remember all of what he

16  said or didn't say.  Sometimes people say they have things and

17  it turns out that they don't have them.  But, in any event,

18  with respect to the motion to compel discovery, the motion is

19  granted in this respect.

20          The defendant shall have until December the 10th to

21  produce any and all records within their possession or control

22  responsive to the discovery request.  Or failing that, to

23  explain in detail the effort or efforts that were made to

24  locate any such records in the event that the defendants

25  ultimately claim that they have no records that are responsive.

6

1    In the event that the records do exist but for logistical or

2    other reasons have not been or cannot be produced by December

3    10th, I will preclude any proof on the issues that would have

4    been generated in connection with those records.  Specifically,

5    the issue of an offset that the defendant is looking for.

6              Insofar as discovery is concerned, I'll extend

7    discovery for 30 days through January 10th, and all the other

8    timetables will move out accordingly.  All right, that's it.

9

10             (Whereupon, at 11:08 a.m., the proceedings were

11   concluded.)

12

13                              - - -

14

15

16

17

18

19

20

21

22

23

24

25

7

1                          C E R T I F I C A T E

2

3

4

5          I, Ronald J. Bench, certify that the foregoing is a

6     correct transcript from the record of proceedings in the

7     above-entitled matter.

8

9

10

11

12     ———————————————————————

13     Ronald J. Bench

14

15

16

17

18

19

20

21

22

23

24

25