IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


HERITAGE REALTY MANAGEMENT,
INC.,
     Plaintiff


    v.          CIVIL ACTION NO. 04-333 ERIE


JOHN ALLIN d/b/a ALLIN
COMPANIES and SNOW MANAGEMENT
GROUP,
     Defendant



HEARING ON PLAINTIFF'S MOTION TO COMPEL




Proceedings held before the HONORABLE

SEAN J. McLAUGHLIN, U.S. District Judge,

in Judge's Chambers, U.S. Courthouse, Erie,

Pennsylvania, on Wednesday, November 23, 2005.




APPEARANCES:
     RICHARD A. LANZILLO, Esquire, appearing on
     behalf of the Plaintiff.

     CRAIG A. MARKHAM, Esquire, appearing on behalf

of the Defendant.

Ronald J. Bench, RMR - Official Court Reporter

2

1            P R O C E E D I N G S

2

3        (Whereupon, the proceedings began at 10:58 a.m., on

4  Wednesday, November 23, 2005, in Judge's Chambers.)

5

6        THE COURT:  We have a motion to compel here.

7  There's a request for various documents that were identified at

8  our previous get-together.  My understanding is they have not

9  yet been produced, is that right?

10        MR. LANZILLO:  That's correct, your Honor.  Judge,

11  the need for documents is twofold.  There was some thought that

12  if those documents would be produced, Mr. Allin indicated this,

13  it would be difficult to come up with them, that that might

14  facilitate further settlement discussions.  At the same time

15  failing that, we have until December 10th to complete our

16  depositions, we really can't even get them started until we

17  take a look at those records.

18        THE COURT:  What's going on with these records?

19        MR. MARKHAM:  Well, as far as I know -- I've been in

20  communication with Mr. Allin principally by e-mail since the

21  October 31st conference we had.  My recollection is at that

22  conference it was agreed he'd try to produce these records in

23  two weeks.  We're a week or so late in doing that.  After I got

24  the motion late yesterday, I e-mailed him with the motion, he

25  indicated that he was out of the office, people there were

3

 1  working on this.  This morning I actually called his office,

 2  he's not there, he's in Canada somewhere, I did speak with his

 3  wife, who's been kind of the office manager.  Who indicates

 4  that the records, she's not involved in collecting them, she's

 5  not sure they exist.  She is now trying to communicate with her

 6  husband, who's apparently in Canada somewhere and not expected

 7  back until late, midnight.  I sent him an e-mail, also, when I

8  got the call this morning.  I've not received them, the records

9  that we were talking about at the last meeting.

10         THE COURT:  That were the subject of the request for

11  production?

12         MR. MARKHAM:  Right.  There was a request even

13  before Attorney Lanzillo became involved for production, which

14  was responded to, we produced like a whole box of documents.  I

15  understand he wants more.  If they exist, he certainly is

16  entitled to them.

17         THE COURT:  When does discovery end, December 10th?

18         MR. LANZILLO:  December 10th.  What was produced,

19  judge, was a schedule purporting to be itemized expenses

20  incurred relative to this contract.  The lion's share, as I

21  recall, of the expenses that were attributable to many, many

22  hours of work that was purportedly done by various people in

23  this organization.  And Mr. Allin indicated we have the records

24  to document what was done and that's how we followed up, and

25  the basis on which the court directed further production.

4

1         THE COURT:  Wasn't there -- I'm just trying to

2  figure out how to fashion this order.  Wasn't there some

3  original belief on the part of Mr. Allin that these records

4  existed?

5          MR. MARKHAM:  My recollection is that he did

6  indicate that he thought they exist.

7          THE COURT:  In some form or fashion?

8          MR. MARKHAM:  Right.  When I talked to his wife

9  today, this is really the first she heard of this document

10  request, she wasn't convinced that they do exist.  Although --

11          THE COURT:  Well, I'm going to enter an order here

12  presently that they be produced by a certain date.  Failing

13  that -- well, put it this way.  After a reasonable and diligent

14  search, parties are always entitled to say we don't have any

15  records that would address the issue.  And you can't get what

16  they don't have.  If that's the answer, that's the answer.

17          MR. LANZILLO:  I understand, judge.  Mr. Allin has

18  gone on record, not just saying the documents exist, but

19  saying -- quantified the number of hours that were devoted to

20  specific tasks.  Which unless someone was working from a

21  remarkable memory, makes me question where he came up with

22  those numbers.  But that can be the subject of further

23  discussion at a later date.

24          THE COURT:  Like a deposition.  Put it this way.  If

25   the records exist and they're not produced by a date certain,


                                5


 1   I'm going to preclude any proof on the issue, which is

 2   essentially the functional equivalent to almost directing a

 3   verdict in favor of them on their damage issue.  On the other

 4   hand, if they don't have the records, then they can't be

 5   faulted for that.  And it just becomes a question of weight to

 6   the testimony, I suppose.  Do you follow what I'm saying?

 7          MR. MARKHAM:  I believe I do, judge.  If they exist

 8   or they're not produced in accordance with this order --

 9          THE COURT:  The sanction is going to be that you're

10   going to be precluded from defending on the basis of these

11   other startup costs.  Which essentially is going to be that's

12   the case.

13          MR. MARKHAM:  If the documents don't exist, that

14   issue rises and falls with the testimony?

15          THE COURT:  Yes.  I can't remember all of what he

16   said or didn't say.  Sometimes people say they have things and

17   it turns out that they don't have them.  But, in any event,

18   with respect to the motion to compel discovery, the motion is

19   granted in this respect.

20          The defendant shall have until December the 10th to

21   produce any and all records within their possession or control

22   responsive to the discovery request.  Or failing that, to

23   explain in detail the effort or efforts that were made to

24   locate any such records in the event that the defendants

25   ultimately claim that they have no records that are responsive.


6


1   In the event that the records do exist but for logistical or

2   other reasons have not been or cannot be produced by December

3   10th, I will preclude any proof on the issues that would have

4   been generated in connection with those records.  Specifically,

5   the issue of an offset that the defendant is looking for.

6          Insofar as discovery is concerned, I'll extend

7   discovery for 30 days through January 10th, and all the other

8   timetables will move out accordingly.  All right, that's it.

9

10          (Whereupon, at 11:08 a.m., the proceedings were

11   concluded.)

12

13                     - - -

14

15

16

17

18

19

20

21

22

23

24

25

7

1              C E R T I F I C A T E

2

3

4

5    I, Ronald J. Bench, certify that the foregoing is a

6  correct transcript from the record of proceedings in the

7  above-entitled matter.

8

9

10

11

12  _____

13  Ronald J. Bench

14

15

16

17

18

19

20

21

22

23

24

25