IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERITAGE REALTY MANAGEMENT, INC., | ) | Case No.  CA 04 - 333 ERIE |
| Plaintiff | ) | Judge Sean McLaughlin |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN ALLIN d/b/a ALLIN COMPANIES, | ) | |
| Defendant | ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
MOTION FOR SANCTIONS TO EXCLUDE EVIDENCE OF
ALLEGED TIME AND EXPENSES/SETOFFS**

AND NOW, the Defendant, by and through his attorneys, ELDERKIN, MARTIN, KELLY & MESSINA, files the following Response in Opposition to Motion for Sanctions to Exclude Evidence of Alleged Time and Expenses/Setoffs, respectfully representing as follows:

1. Admitted, except that the Defendant denies all of the funds claimed by the Plaintiff are due and owing.

2. Admitted.  Defendant has also asserted that these expenses and costs constitute a setoff under the common law doctrine of promissory estoppel.  *See Answer to Amended Complaint and Counterclaim*.  Moreover, the funds demanded by Plaintiff were paid to Defendant to cover start up expenses and are not refundable under the circumstances of this case.

3. Admitted that Plaintiff requested specific information but it is denied that Plaintiff broadly requested "any and all information in support of" the setoff.

4. Denied as stated. The Defendant produced a box of documents and records in response to the Plaintiff's specific discovery requests. This large collection of records included, among many other documents, the four-page summary document identified in the Plaintiff's motion as exhibit A.

5. Denied as stated. The Defendant produced a box of documents and records in response to the Plaintiff's discovery requests which relate to the setoff.

6. Denied as stated. During the settlement conference, Mr. Allin agreed to search for and, if found, to then produce such additional documents to the extent that the additional records exist. This was the first occasion that Plaintiff raised a complaint about the records which had been produced.

7. Admitted.

8. Denied as stated. The Court's Order in its entirety and the discussions of counsel regarding the same speak for themselves. Of course, if the additional documents requested by the Plaintiff did not exist, they could not be produced. The Court did not indicate that Defendant would suffer sanctions if additional records did not exist or could not be found.

To the contrary, sanctions could only be appropriate if records existed and if they were not produced as requested.

      9.      Admitted. After diligent search, no other source materials could be found other than that box of records which had been previously produced and the summary documents produced on December 9, 2005. Attached hereto as Exhibit "1" is a copy of counsel's letter of December 9, 2005.

      10.      Denied as stated. The documents speak for themselves. It is denied that the records are insufficient. Moreover, the fact that these records are similar in content to the records previously produced does not support Plaintiff's motion for sanctions. In fact, the Defendant complied fully with the Court's order to produce those responsive documents which he possesses and the Plaintiff has not offered any evidence to the contrary. In fact, Plaintiff has not even suggested that Defendant has failed to produce documents which he possesses.

      11.      Denied as stated. Plaintiff's allegations regarding the meaning or the perceived evidentiary weight of the volume of documents which have been produced by Defendant is not relevant to the single issue presented by the Plaintiff's motion for sanctions, which is whether the Defendant has produced those records which he possesses. In fact, the Defendant has produced all responsive documents which are in his possession and the Plaintiff has not offered any evidence to the contrary. Therefore, Plaintiff's motion for sanctions must be denied.

3.

    12. Denied as stated.  The Plaintiff's arguments on the legal issue of whether the Defendant's damages and losses may be recoverable and/or constitute a valid offset are not relevant to the only issue which is presented by the Plaintiff's motion for sanctions, which is whether the Defendant has produced all of the responsive documents which he possesses.  In fact, the Defendant has produced all responsive documents which are in his possession and the Plaintiff has not offered any evidence to the contrary.  In fact, Plaintiff has not even alleged that Defendant possesses responsive documents which have not been produced.

    Although it is not relevant to the motion for sanctions, Defendant's proof of entitlement to, and the amount of, a setoff is not limited to documentary evidence but will be supported by testimony.  Also, as a matter of law, all of Defendant's costs and expenses identified by Defendant are recoverable and/or constitute a valid set off.  Plaintiff directed and was fully aware that Defendant had commenced costly start up work in order to be able to perform the multi-state operations to be required by the contract.  In fact, prior to the formal execution of the contract, Plaintiff informed its local plow operators that Defendant had been selected to manage all of these operations and that the operators had to deal with Defendant regarding their work for the upcoming snow season.  See <u>Shovel Transfer and Storage, Inc. v. Pa. Liquor Control Board</u>, 739 A.2d 133, 140 (Pa. 1999) (reliance damages are recoverable where defendant prevented performance even though defendant's termination of contract was justified by plaintiff's failure to satisfy requirements for license and insurance); Restatement (Second) of Contracts, §344, comment a (plaintiff can recover reliance damages including "expenses in preparing to perform").

13.     Denied as stated. The Plaintiff's arguments on the legal issue of whether the Defendant's damages and losses may be recoverable and/or constitute a valid offset are not relevant to the only issue which is presented by the Plaintiff's motion for sanctions, which is whether the Defendant has produced all of the responsive documents which he possesses. In fact, the Defendant has produced all responsive documents which are in his possession and the Plaintiff has not offered any evidence to the contrary. Although it is not relevant to the motion for sanctions, Defendant's proof of his setoff claim is not limited to documentary evidence but will be supported by testimony.

14.     Denied as stated. First, the Plaintiff's assertion that records which have been produced by Defendant are of insufficient evidentiary weight to support the setoff claim is both incorrect and completely irrelevant to the sole issue raised by Plaintiff's motion for sanctions. Second, as to the motion for sanctions, Defendant has complied fully with Court's order compelling production of documents which Defendant possesses and Plaintiff has not asserted otherwise. Plaintiff certainly has offered no evidence to the contrary. Third, Defendant's proof of the merits of his setoff is not limited to documentary evidence. Defendant's claim will be supported fully by testimony.

15.     Denied. The sanctions requested by the Plaintiff are not supported by the Court's previous order. It is clear that the Court directed, and the parties understood, that if no additional responsive source documents existed, then no sanctions would be imposed and the Defendant could, at the time of trial, rely upon those records which have been produced. Beyond

those records, the merits of Defendant's setoff claim "rises and falls with the testimony" to be offered at trial. *Hearing trans., p. 5*. It is unreasonable and without support in this Court's order for the Plaintiff to seek sanctions against the Defendant for the Defendant's alleged failure to produce records which do not exist.

WHEREFORE, the Defendant respectfully requests this Honorable Court issue an order denying the Plaintiff's motion for sanctions.

Respectfully submitted,

ELDERKIN, MARTIN, KELLY & MESSINA


By /s/Craig A. Markham
    Craig A. Markham, Esquire
    Attorney for Defendant
    150 East Eighth Street
    Erie, Pennsylvania 16501
    (814) 456-4000