IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERITAGE REALTY MANAGEMENT, INC., | ) Docket No. 04-333E<br>) (Judge McLaughlin)<br>) |
| Plaintiff | ) ELECTRONICALLY FILED PLEADING<br>) |
| vs. | ) JURY TRIAL DEMANDED<br>) |
| JOHN ALLIN d/b/a ALLIN COMPANIES and SNOW MANAGEMENT GROUP, | ) MOTION FOR LEAVE TO AMEND<br>) COMPLAINT TO CONFORM TO<br>) EVIDENCE |
| Defendant | )<br>) Filed on behalf of: Heritage Realty<br>) Management, Inc.<br>)<br>) Counsel of record for this party:<br>) Richard A. Lanzillo, Esq.<br>) Neal R. Devlin, Esq.<br>) Knox McLaughlin Gornall<br>) & Sennett, P.C.<br>) 120 West 10th Street<br>) Erie, PA 16501<br>) Telephone (814) 459-2800<br>) Facsimile (814) 453-4530<br>) Email rlanzillo@kmgslaw.com<br>PA53811 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERITAGE REALTY MANAGEMENT, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) CASE NO. CA 04-333 ERIE |
| JOHN ALLIN d/b/a ALLIN COMPANIES, | ) ) JUDGE SEAN MCLAUGHLIN |
| Defendant | |

## MOTION FOR LEAVE TO AMEND COMPLAINT TO CONFORM TO EVIDENCE

AND NOW, comes the plaintiff, Heritage Realty Management, Inc., by and through its counsel, Knox McLaughlin Gornall & Sennett, P.C., and, pursuant to Fed. R. Civ. Proc. 15(b), files the following Motion for Leave to Amend Complaint to Conform to Evidence:

1. On November 15, 2004, plaintiff, Heritage Realty Management, Inc. ("Heritage") filed its original complaint against defendant, John Allin d/b/a Allin Companies.

2. After the exchange of initial disclosures and a change in counsel for both parties, Heritage filed a consent motion to amend its complaint, which amendment dropped Heritage's fraud claim and streamlined the complaint to proceed solely on a breach of contract theory of liability.

3. The Court granted the motion to amend on August 24, 2005, and Heritage filed its amended complaint on September 12, 2005.

4. This action arises out of Allin's breach of a contact under which, *inter alia* (1) Allin warranted that he had the resources and expertise to provide snow removal services to Heritage at numerous locations throughout the United States through the "Snow Management Group" of his sole proprietorship, and (2) Allin agreed to provide those snow removal services to

Heritage. In consideration of Allin's covenants and promises under the contract, Heritage paid a deposit of $340,482.90, which was expressly refundable to Heritage, less expenses actually incurred by Allin under the contract, in the event Heritage exercised its right to terminate the contract.

5. On January 23, 2006, counsel for Heritage took the depositions of John Allin ("Allin") and his wife, Margaret J. Allin.

6. During his deposition, Allin testified that, prior to Heritage's termination of the snow removal contract, he entered into an agreement with a third-party, Symbiot Business Group ("Symbiot"), to sell all of the operating assets of Snow Management Group to Symbiot.

7. Allin acknowledged that his sale of the assets of Snow Management Group to Symbiot rendered him physically unable to perform his obligations under his contract with Heritage.

8. Allin also acknowledged that §13 of his contract with Heritage expressly prohibited assignment of the contract without the consent of Heritage and that he never requested or obtained Heritage's consent to any assignment to Symbiot either before or after his sale of the assets of Snow Management Group to Symbiot. According to Allin's testimony, his agreement with Symbiot did not require Symbiot to assume or otherwise undertake any responsibilities under his contract with Heritage.

9. Allin admitted that he proceeded with the Symbiot sale, which transferred all of Snow Management Groups assets to Symbiot and rendered him physically unable to perform his duties under the contract with Heritage.

10. Based on Allin's deposition testimony, Heritage respectfully requests leave of Court to file a Second Amended Complaint to more specifically plead Allin's actions in breach

2

of the parties' contract by alleging additional factual paragraphs reflecting Allin's admissions regarding the Symbiot sale and Allin's resulting inability to perform his contractual obligations to Heritage.

11. Heritage's proposed amendment also seeks to correct a typographical error in its first Amended Complaint regarding the date of Heritage's termination letter, which the Amended Complaint incorrectly identified as November 12, 2002, rather than the correct date of November 4, 2004.

12. A copy of Heritage's proposed Second Amended Complaint is attached to this motion as Exhibit A.

13. Pursuant to Fed. R. Civ. Proc. 15(b), the Court is empowered to allow the amendment of pleadings to conform to the evidence. Such amendments are to be granted "freely when the presentation of the merits of the action will be sub-served thereby." F.R.C.P. 15(b).

14. The proposed amendment will result in no prejudice to Allin as it merely amplifies the current allegations of the complaint. The proposed amendment is based primarily upon Allin's own deposition testimony and thus does not raise any factual matters concerning which Allin can claim unfair surprise.

15. Heritage is not requesting modification of the current case management order.

WHEREFORE, plaintiff, Heritage Realty Management, Inc., respectfully requests that this Honorable Court enter an order granting it leave to file the attached Second Amended Complaint.

Respectfully submitted,

KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.


BY: /s/ Richard A. Lanzillo, Esq.
     Richard A. Lanzillo, Esquire
     Neal R. Devlin, Esquire
     120 West Tenth Street
     Erie, PA 16501
     Telephone (814) 459-2800
     Facsimile (814) 453-4530
     Email rlanzillo@kmgslaw.com
     PA53811

     Attorneys for plaintiff,
     Heritage Realty Management, Inc.

# 655031