IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERITAGE REALTY MANAGEMENT, INC., | ) | CASE NO. CA 04-333 ERIE |
| | ) | |
| | ) | JUDGE SEAN MCLAUGHLIN |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | ELECTRONICALLY FILED |
| JOHN ALLIN d/b/a ALLIN | ) | PLEADING |
| COMPANIES, and SNOW | ) | |
| MANAGEMENT GROUP, | ) | |
| | | |
| Defendant | | |

## SECOND AMENDED COMPLAINT

AND NOW, comes the plaintiff, Heritage Realty Management, Inc., by and through its counsel, Knox McLaughlin Gornall & Sennett, P.C., and files the following as its Amended Complaint:

## PARTIES

1.     Plaintiff, Heritage Realty Management, Inc. ("Heritage"), is a Maryland corporation with it principal office located at 131 Dartmouth Street, Boston, Massachusetts 02116, and is a citizen of the Commonwealth of Massachusetts.

2.     Defendant, John Allin, is an individual doing business as Allin Companies and Snow Management Group ("Allin"), who resides at 2319 South Shore Drive, Erie, Pennsylvania 16505, and is a citizen of the Commonwealth of Pennsylvania.

## JURISDICTION

3.     Jurisdiction of this matter is based on diversity of citizenship between the parties and an amount in controversy in excess of $75,000.00 exclusive of interest and costs of suit, pursuant to 28 U.S.C. § 1332.

## FACTS

4.       On October 12, 2004, Heritage and Allin entered into a contract pursuant to which Allin, through the "Snow Management Group" of his business, was to provide snow and ice removal services at numerous properties owned or managed by Heritage throughout the United States (the "Contract").  A copy of the Contract, without exhibits, is attached hereto as Exhibit "A" and incorporated herein by reference.

5.       Under the Contract, Allin warranted that he was "an experienced and professional organization that specializes in the management and supervision of snow and ice removal services for commercial properties provided under subcontracts with reputable commercial snow removal contractors." (Contract, Description of Services)

6.       Section 13 of the Contract expressly prohibited Allin's assignment of his rights and interests under the Contract without Heritage's prior written consent.

7.       On October 15, 2004, in anticipation of work that Allin was to perform under the Contract, and pursuant to the Contract's terms, Heritage made an initial payment deposit to Allin of $340,482.90.

8.       Pursuant to the terms of the Contract, Heritage had the right "to terminate [the Contract] by giving [Allin] ten (10) days written notice in the following events: . . . (c) without any cause whatsoever, provided, in all such events, Heritage shall pay [Allin] for all work or services performed and equipment and materials supplied to the date of termination." (Contract, ¶ 17).

9.       In October, 2004, Allin entered into an asset purchase agreement with Symbiot Business Group ("Symbiot"), pursuant to which Allin sold the assets of Snow Management Group to Symbiot (the "Symbiot Sale").

10.    Allin did not request or obtain Heritage's consent to any assignment of the Contract to Symbiot.

11.    In fact, pursuant to the terms of the Symbiot Sale, Symbiot did not assume any responsibilities under the Contract but did receive all monies that Heritage had paid to date under that Contract.

12.    Allin's sale of the assets of his Snow Management Group rendered him physically and legally unable to perform his obligations to Heritage under the Contract because the sale disposed of the assets Allin needed to perform his obligations and, as part of his agreement with Symbiot, Allin executed a covenant not to compete with Symbiot that prohibited Allin from performing snow removal services.

13.    On November 4, 2004, Heritage gave Allin written notice of its termination of the Contract pursuant to its termination provision.

14.    As of November 4, 2004, Allin had not performed any work or services or supplied any equipment or materials under the Contract.

15.    Heritage's letter of November 4, 2004 also demanded the return of Heritage's $340,482.90 initial payment.

16.    Allin refused and has continued to refuse to return this payment.

## COUNT I
### Breach of Contract

17.    Heritage incorporates paragraphs 1 through 16 of this Second Amended Complaint.

18.    Immediately after the Symbiot Sale, which occurred in October, 2004, Allin was rendered unable to perform his obligations under the Contract.

19.     This constituted an anticipatory breach of the Contract and, in and of itself, entitled Heritage to a return of all monies paid to Allin under the Contract.

20.     In addition, pursuant to paragraph 17 of the Contract, Heritage had the right to terminate the Contract without cause.

21.     In the event of a termination without cause, Allin was only entitled to payment for "work or services performed and equipment and materials supplied to the date of termination."

22.     On November 4, 2004, Heritage gave Allin notice of its termination of the Contract.

23.     As of November 4, 2004, Allin had not performed any work or services and had not supplied any equipment or materials.

24.     Therefore, Allin is not entitled to any payment and must return Heritage's initial payment of $340,482.90.

25.     Further, Allin's anticipatory breach of the Contract entitles Heritage to a return of the $340,482.90 it paid to Allin, regardless of any work or services performed by Allin.

26.     Allin's refusal to return this payment is a material breach of its obligations under the Contract.

WHEREFORE, plaintiff, Heritage Realty Management, Inc., respectfully requests

that this Court enter judgment in its favor and against John Allin d/b/a Allin Companies and

Snow Management Group in the amount of $340,482.90, plus interest and costs of suit.


Respectfully submitted,

KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.


BY: /s/ Richard A. Lanzillo, Esq.
        Richard A. Lanzillo
        Neal R. Devlin
        120 West Tenth Street
        Erie, PA  16501-1461
        (814) 459-2800

        Attorneys for plaintiff,
        Heritage Realty Management, Inc.

# 655033