# Heritage Property
## INVESTMENT TRUST, INC.

*Corporate Office:* 131 Dartmouth Street, Boston, Massachusetts 02116
Telephone: (617) 247-2200 • Fax: (617) 266-0885 • Legal Dept. Fax: (617) 267-4557
www.heritagerealty.com

<u>*VIA OVERNIGHT MAIL*</u>

November 3, 2004

John Allin
d/b/a Allin Companies and Snow Management Group
1406 West 21st Street
Erie, PA 16502-2203

Re:   *Contract dated October 12, 2004 between Heritage Realty Management, Inc. and John Allin, d/b/a Allin Companies and Snow Management Group ("agreement")*

Dear Mr. Allin:

Heritage Realty Management, Inc. ("Heritage") is in receipt of recent correspondence which raises serious issues regarding the ability of your company to pay its obligations as they come due. We are also in receipt of a letter dated October 21, 2004, regarding an offer to purchase all of the assets of your company and have also been informed that some of your contractors may not have been paid during the past year.

It is our position that material information regarding the financial condition and troubles your company is experiencing should have been disclosed to Heritage before it signed the agreement on October 12, 2004. For months, you have been pursuing various alternatives in order to satisfy the claims of company creditors, including entertaining an offer for the purchase of all of your assets, offering a profit payout over a period of time and exchanging equity in the form of stock in consideration of outstanding debt.

Needless to stay, Heritage is not only troubled that this information was not shared with it during the contract negotiations, but also feels that your failure to disclose this material information fraudulently induced it to enter into the agreement with you.

Accordingly, since you fraudulently induced Heritage to enter into the above-referenced agreement with you, it is the position of Heritage that the agreement is null and void and Heritage has no further obligations thereunder. It is hereby requested that you immediately refund to Heritage the payment made to you in the amount of $340,482.90, pursuant to Article 6 (a) (i). In the event the agreement is found to be valid and

**EXHIBIT E**

HA000006

John Allin
November 3, 2004
-2-

enforceable, then this letter shall also constitute notice pursuant to Article 17 (c) of the agreement, that Heritage hereby elects to terminate the agreement and demands an immediate return of the first installment payment to you in the amount of $340,482.90. Since you have not provided services or supplied any equipment or materials, the full amount must be refunded.

Please confirm in writing your agreement to comply with the request set forth in this letter, which must include return of the payment made to you, on or before Friday, November 5, 2004. In the event you fail to respond and refund the amount demanded, immediate legal action will be commenced which shall include a request for appropriate injunctive relief and a claim for damages.

I trust that Heritage's position is clear, however, if you should have any questions, please direct them to my attention.

Sincerely,

Edward W. Valanzola
Associate General Counsel

cc: Robert Prendergast, Mark Bush, Louis C. Zicht, Esq., David Sweetser, Lori Aspinall