IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERITAGE REALTY MANAGEMENT, INC., | ) ) | |
| *Plaintiff* | ) ) | |
| v. | ) ) | Case No. CA 04-333 ERIE |
| JOHN ALLIN d/b/a ALLIN COMPANIES, | ) | Judge Sean McLaughlin |
| *Defendant-Third Party Plaintiff* | ) ) | |
| v. | ) ) | |
| SYMBIOT BUSINESS GROUP, INC. and SYMBIOT SNOW MANAGEMENT NETWORK, LLC, | ) ) ) | |
| *Third Party Defendants* | ) | |

**THIRD-PARTY DEFENDANTS' MOTION TO STRIKE OR, IN THE ALTERNATIVE, MOTION TO DISMISS THIRD-PARTY COMPLAINT**

AND NOW come the Third-Party Defendants, Symbiot Business Group, Inc. and Symbiot Snow Management Network, LLC, through their counsel, The McDonald Group, L.L.P., and respond to the Third-Party Complaint as follows:

**A.  Motion To Strike Third-Party Complaint Pursuant To Fed.R.Civ.P. 14(a) Or, In The Alternative, Fed.R.Civ.P. 12(f)**

1. This action was commenced on November 15, 2004, when Plaintiff filed its Complaint.

2. On February 17, 2006, Plaintiff filed its Second Amended Complaint in this action.

3. On March 8, 2006, Defendant and Third-Party Plaintiff filed its Answer to the Second Amended Complaint.

4. On March 9, 2006, Defendant and Third-Party Plaintiff filed its Third-Party Complaint in this action without leave of court.

5. The Second Amended Complaint filed by Plaintiff in this action did not introduce any new theories of liability.

6. Pursuant to Fed.R.Civ.P. 14(a), Defendant and Third-Party Plaintiff was required to obtain leave of court prior to filing the Third-Party Complaint.

7. Defendant and Third-Party Plaintiff failed to seek or obtain court approval prior to filing the Third-Party Complaint.

8. Defendant and Third-Party Plaintiff's Third-Party Complaint was filed in contravention of Fed.R.Civ.P. 14(a), and should be stricken.

WHEREFORE, the Third-Party Defendants respectfully request that this court enter an order striking the Third-Party Complaint and dismissing them from this action.

### B.   Motion To Strike Third-Party Complaint Pursuant To Fed.R.Civ.P. 14(a) Or, In The Alternative, Fed.R.Civ.P. 12(f)

9. The time at which the Third-Party Complaint was filed in this action is untimely and prejudicial to Third-Party Defendants.

10. Defendant and Third-Party Plaintiff unreasonably delayed in filing the Third-Party Complaint.

11. The claims raised in the Third-Party Complaint will delay and unnecessarily complicate the trial in this action.

WHEREFORE, the Third-Party Defendants respectfully request that this court enter an order striking the Third-Party Complaint and dismissing them from this action.

- 3 -

### C. Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted Pursuant To Fed.R.Civ.P. 12(b)(6) Or, In The Alternative, Motion To Strike Pursuant To Fed.R.Civ.P. 14(a)

12.  In his Third-Party Complaint, Defendant and Third-Party Plaintiff asserts that Third-Party Defendants may be liable for the reasons set forth in the complaint filed in Plaintiff's separate action against the Third-Party Defendants pending in this court at Docket No. CA 06-47 (Erie).

13.  In Plaintiff's separate action against Third-Party Defendants, the Plaintiff in that action asserts that Third-Party Defendants are alone liable to Plaintiff.

14.  Defendant and Third-Party Plaintiff's assertion in the Third-Party Complaint that Third-Party Defendants could be liable to Plaintiff for the reasons set forth in Plaintiff's separate action against Third-Party Defendants fails to state a claim under Fed.R.Civ.P. 14(a) that Third-Party Defendants are or may be liable to the Third-Party Plaintiff for all or part of the Plaintiff's claims against the Third-Party Plaintiff.

WHEREFORE, Third-Party Defendants respectfully request that this court enter an order dismissing the Third-Party Complaint for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6) or, in the alternative, to strike the Third-Party Complaint pursuant to Fed.R.Civ.P. 14(a).

**D.  Motion To Dismiss For Lack of Jurisdiction Over The Person  Pursuant To Fed.R.Civ.P. 12(b)(2), Or, In The Alternative, To Dismiss For Improper Venue Pursuant To Fed.R.Civ.P. 12(b)(3), Or, In The Alternative, For Failure To State A Claim Upon Which Relief Can Be Granted Pursuant To Fed.R.Civ.P. 12(b)(6) Or, In The Alternative, Motion To Strike Pursuant To Fed.R.Civ.P. 14(a)**

15. In his Third Party Complaint, Third-Party Plaintiff asserts that Third-Party Defendants "agreed and promised to accept certain existing liabilities of Allin . . ." (Third-Party Complaint, ¶5), and that Third-Party Defendants are allegedly liable to Third-Party Plaintiff "based upon Symbiot's agreement with Allin . . . ." (Third-Party Complaint, ¶8).

16. The agreement to which Third-Party Plaintiff refers is a written agreement which expressly provides that the parties "submit[] to the jurisdiction of any federal court sitting in Salt Lake County, Utah" (Agreement dated November 3, 2004, ¶10(o)(i)), that "such jurisdiction shall be exclusive with respect to disputes arising under the Transaction Documents or the transaction contemplated thereby" (*id.*), and that "each Party also agrees not to bring or seek removal of any action or proceeding arising out of or relating to this Agreement in any other court." (Agreement dated November 3, 2004, ¶10(o)(ii)).

17. Third-Party Plaintiff's assertion of the claims in the Third Party Complaint contravene and are barred by the express written agreement entered into between the parties. If Third-Party Plaintiff had any claim against Third-Party Defendants, which is denied, Third-Party Plaintiff must assert those claims in the federal court sitting in Salt Lake County, Utah.

WHEREFORE, Third-Party Defendants respectfully request that this court enter an order dismissing the Third-Party Complaint for lack of jurisdiction over the person pursuant to Fed.R.Civ.P. 12(b)(2) or, in the alternative, improper venue pursuant to Fed.R.Civ.P. 12(b)(3) or, in the alternative, for failure to state a claim upon which relief may be granted pursuant to

- 5 -

Fed.R.Civ.P. 12(b)(6) or, in the alternative, to strike the Third-Party Complaint pursuant to Fed.R.Civ.P. 14(a).

Respectfully submitted,

THE McDONALD GROUP, L.L.P.
By:  /s/ ***Daniel J. Pastore***
    Daniel J. Pastore
    Pa. I.D. No. 44619
    456 West 6th Street
    P. O. Box 1757
    Erie, PA 16507-0757
    Phone: (814) 456-5318
    Email: dpastore@tmgattys.com

    Attorneys for Third Party Defendants

F:\CFD\3100\3119 (Symbiot)\Motion to Strike.doc