IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERITAGE REALTY MANAGEMENT, INC., | ) ) | Case No.  CA 04 - 333 ERIE |
| Plaintiff | ) | Judge Sean McLaughlin |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN ALLIN d/b/a ALLIN COMPANIES, | ) | |
| Defendant-Third Party Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SYMBIOT BUSINESS GROUP, INC. and | ) | |
| SYMBIOT SNOW MANAGEMENT | ) | |
| NETWORK, LLC, | ) | |
| Third Party Defendants | ) | TRIAL BY JURY OF 12 DEMANDED |

**DEFENDANT'S MOTION TO CONSOLIDATE ACTIONS**

AND NOW, the Defendant, John Allin, d/b/a Allin Companies, by and through his

attorneys, ELDERKIN, MARTIN, KELLY & MESSINA, files the following Motion to

Consolidate Actions, respectfully representing as follows:

1.  This is a contract action arising from a written agreement pursuant to which

Defendant agreed to provide snow removal services at various commercial properties owned

and/or operated by the Plaintiff.  Plaintiff terminated the contract and demands that Defendant

refund to Plaintiff the first installment payment which had been made to Defendant.

2.  On February 17, 2006, the Plaintiff filed its second amended complaint in which Plaintiff alleged a new cause of action, namely that the Defendant committed an anticipatory breach of contract by selling his snow removal assets to Third-Party Defendant, Symbiot Snow Management Network, LLC ("Symbiot").  In this new claim, Plaintiff again demands from Defendant the return of its initial installment payment.  In response, the Defendant filed the Third-Party Complaint based upon Symbiot's written agreement to indemnify Defendant with regard to the claims asserted by the Plaintiff against the Defendant.

3.  On February 23, 2006, the Plaintiff filed a separate action at No. 06-47 against Symbiot and alleged therein causes of action for direct liability arising from Mr. Allin's sale of his assets to Symbiot.  In that action, the Plaintiff also has demanded the return of the same installment payment which Plaintiff demands in its second amended complaint filed against Defendant herein.

4.  Both of these actions filed by Plaintiff arose from the same facts and involve common questions of both fact and law relating to Mr. Allin's sale of his assets to Symbiot.  Both actions seek the same damages, namely the return of Plaintiff's initial installment payment which Plaintiff made to Mr. Allin.  Due to the closely related nature of these two actions, Symbiot's counsel has recently informed the court of the intention to join Mr. Allin as a third party defendant in the action filed at No. 06-47.

5.  If these two actions are not consolidated, Symbiot may not be bound by the decisions and rulings made in the instant matter.  This would unnecessarily require a second trial of the issues which are finally determined herein and it may result in conflicting rulings.

6.  In the interest of judicial economy and for the convenience of the parties, the Defendant respectfully requests that, pursuant to Rule 42, this action be consolidated with the action filed at No. 06-47 and that a new case management order be issued to permit an efficient resolution of this matter.

WHEREFORE, Defendant respectfully requests that this Honorable Court issue an order consolidating this action with the action filed at No. 06-47.

Respectfully submitted,

ELDERKIN, MARTIN, KELLY & MESSINA

By    /s/ Craig A. Markham
   Craig A. Markham, Esquire
   Attorney for Defendant-Third Party Plaintiff
   150 East Eighth Street
   Erie, Pennsylvania 16501
   (814) 456-4000

3.