IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERITAGE REALTY MANAGEMENT, INC., | ) | Case No. CA 04 - 333 ERIE |
| Plaintiff | ) | |
| | ) | Judge Sean McLaughlin |
| v. | ) | |
| | ) | |
| JOHN ALLIN d/b/a ALLIN COMPANIES, | ) | |
| Defendant-Third Party Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SYMBIOT BUSINESS GROUP, INC. and SYMBIOT SNOW MANAGEMENT NETWORK, LLC, | ) | |
| Third Party Defendants | ) | TRIAL BY JURY OF 12 DEMANDED |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
THIRD PARTY DEFENDANTS' MOTION TO STRIKE
AND/OR DISMISS THIRD PARTY COMPLAINT**

AND NOW, the Defendant, John Allin d/b/a Allin Companies, by and through his attorneys, ELDERKIN, MARTIN, KELLY & MESSINA, files the following Response in Opposition to Third Party Defendants' Motion to Strike and/or Dismiss Third Party Complaint, respectfully representing as follows:

A. MOTION TO STRIKE - LEAVE OF COURT NOT REQUIRED

1. Admitted.

2. Admitted.

      3. Admitted.

      4. Admitted.

      5. Denied. The second amended complaint introduced new facts and an entirely new cause of action, namely a cause of action premised upon alleged anticipatory breach of contract. See *Plaintiff's termination letter of November 3, 2004*, attached hereto as Exhibit "A," which sets forth the alleged basis of the cause of action previously asserted in the original Complaint and the first Amended Complaint; *Allin depos. p. 30*, attached hereto as Exhibit "B", regarding the date of the asset sale to Symbiot.

      6. Denied.

      7. Admitted.

      8. Denied.

WHEREFORE, Defendant respectfully requests this Honorable Court to issue an order denying the motion of Third Party Defendant.

### B. MOTION TO STRIKE - THERE IS NO PREJUDICE TO SYMBIOT

      9. Denied.

10. Denied. The Third Party Complaint was properly filed in response to the Plaintiff's new cause of action for anticipatory breach, which cause of action allegedly arose from Defendant's asset sale to Symbiot.

11. Denied.

WHEREFORE, Defendant respectfully requests this Honorable Court to issue an order denying the motion of Third Party Defendant.

## C.  MOTION TO DISMISS - FAILURE TO STATE A CLAIM

12. Admitted in part. The third party complaint also asserts that Symbiot is liable pursuant to its contractual agreement to indemnify Defendant from the claims asserted by the Plaintiff.

13. Admitted in part. The third party complaint also asserts that Symbiot is liable pursuant to its contractual agreement to indemnify Defendant from the claims asserted by the Plaintiff.

14. Denied.

WHEREFORE, Defendant respectfully requests this Honorable Court to issue an order denying the motion of Third Party Defendant.

D.  MOTION TO DISMISS - VENUE

15. Admitted.

16. Denied.  The agreement between Symbiot and Defendant regarding Symbiot's obligations to indemnify Defendant from Plaintiff's claims is an agreement dated November 22, 2004, a copy of which is attached hereto as Exhibit "C."

17. Denied.

WHEREFORE, Defendant respectfully requests this Honorable Court to issue an order denying the motion of Third Party Defendant.

Respectfully submitted,

ELDERKIN, MARTIN, KELLY & MESSINA


By  /s/ Craig A. Markham
      Craig A. Markham, Esquire
      Attorney for Defendant
      150 East Eighth Street
      Erie, Pennsylvania 16501
      (814) 456-4000