IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERITAGE REALTY MANAGEMENT, INC., | Docket No. 04-333 ERIE (Judge Sean J. McLaughlin) |
| Plaintiff | ELECTRONICALLY FILED PLEADING |
| vs. | RESPONSE TO DEFENDANT'S MOTION TO CONSOLIDATE ACTIONS |
| JOHN ALLIN d/b/a ALLIN COMPANIES and SNOW MANAGEMENT GROUP, | Filed on behalf of: Plaintiff, Heritage Realty Management, Inc. |
| Defendant | Counsel of record for this party: Richard A. Lanzillo, Esq. Knox McLaughlin Gornall & Sennett, P.C. 120 West 10th Street Erie, PA 16501 Telephone (814) 459-2800 Facsimile (814) 453-4530 Email rlanzillo@kmgslaw.com PA53811 |

## RESPONSE TO DEFENDANT'S MOTION TO CONSOLIDATE ACTIONS

Plaintiff, Heritage Realty Management Inc., ("Heritage"), through its counsel, Knox, McLaughlin, Gornall & Sennett, P.C., files the following as its response to defendant's Motion to Consolidate Actions:

**Consolidation of this action with Heritage's action against Symbiot would result in undue prejudice and will cause, rather than avoid, unnecessary costs and delay**

Heritage Realty Management, Inc. ("Heritage") filed this action on November 15, 2004. Since that initial filing date, Heritage and John Allin ("Allin") have completed discovery and Heritage has filed a motion for summary judgment to which Allin must respond by May 12, 2006. Heritage has also filed its pre-trial narrative. Based on evidence that was disclosed in

discovery, and specifically Allin's own testimony, Heritage learned that Symbiot Management Group ("Symbiot") is independently liable to Heritage for the damages it has incurred as a result of Allin's breach of the his contract with Heritage. Specifically, and as identified in Heritage's complaint against Symbiot filed at Docket No. 06-047E (the "Symbiot Action"), Symbiot is liable directly to Heritage based on its actual and constructive fraud, tortuous interference with contractual relationships, unjust enrichment, successor liability and based on the creation of a constructive trust. Heritage did not seek to join Symbiot in this lawsuit because its claims against Symbiot are independent of its claims against Allin.

Now, after eighteen months of litigation, and after Heritage made the decision to sue Symbiot in a separate action based on claims independent of its claims against Allin, Allin has requested that this Court consolidate these actions pursuant to Fed. R. Civ. Pr. 42 ("Rule 42"). Pursuant to the literal terms of Rule 42, consolidation is appropriate only when it will avoid unnecessary costs and delay. F.R.C.P. 42(a). Consolidating these actions will cause, rather than avoid, such costs and delay.

In <u>Davis & Cox v. Summa Corp.</u>, 751 F.2d 1507, 1517 (9th Cir. 1985), *superseded by statute on other grounds,* the Court addressed how the delay caused by attempting to join independent claims in a single action can prejudice parties and, therefore, is not appropriate under Rule 42. In <u>Davis & Cox</u>, the defendant raised counterclaims and affirmative defenses against the plaintiffs. Pursuant to Rule 42, the district court severed those counterclaims and affirmative defenses and allowed the plaintiff to try its claims in a separate trial. Addressing the district court's decision, the Ninth Circuit held that the district court acted within its discretion because

> [m]ost of the issues raised in [the plaintiffs'] complaint were different from those raised in [the defendant's] counterclaim. In

>addition, severance of the counterclaims served judicial efficiency.
>Although the parties had completed discover on the [plaintiffs']
>complaint issues, discover on the counterclaim issues was not
>finished. Without the severance order, the trial of the complaint
>issues would needlessly have been delayed for a substantial period.

<u>Id.</u> In this case, the separate issues that Allin is trying to consolidate are not part of the same action. They are distinct in both substance and procedural posture and their consolidation will cause needless delay and costs.

The delay and unnecessary costs attendant to consolidating this action with the Symbiot Action are readily apparent – the two actions are at opposite ends of the litigation timeline. This action is postured for a resolution either through Heritage's *pending* motion for summary judgment or through a trial if Heritage's motion is denied. The Symbiot Action is just beyond the pleading stage; the parties have not even conducted their Rule 26(f) conference. Consolidating these actions will undoubtedly cause substantial delay in the progress of this action to allow for discovery in the Symbiot Action .

This action and the Symbiot Action also involve completely difference legal claims and substantially different factual questions. While this action is a breach of contract action based primarily on Allin's obligation to return the installment payment it received but never earned, the Symbiot action involves constructive and actual fraud on the part of Symbiot in interfering with Allin's ability to perform under the Contract and rendering Allin physically and financially unable to comply with his obligations to Heritage.

Finally, Symbiot has already made it clear to Heritage that if it is forced into this case it will need to duplicate discovery actions that have already taken place. Further, Symbiot appears to believe that it has claims against Allin completely unrelated to Heritage's claims against Allin and Symbiot. However, once in the same lawsuit, Symbiot will likely seek to press

these claims against Allin. This will force Heritage to expend time and resources regarding claims in which it has no interest.

The unavoidable delay incident to consolidating these cases will not only cost Heritage and the Court time, but it will also prejudice Heritage's claims against Allin. As the Court is well aware, Allin has repeatedly referenced his tenuous financial condition as a relevant factor in this matter. Consolidation will accomplish nothing beyond delaying Heritage's ability to secure a judgment against Allin and thereby prejudicing Heritage's ability to collect on that judgment. Allin's eleventh-hour request to consolidate these actions appears calculated to further delay Heritage's ability to collect the damages to which it is entitled based on Allin's breach of the contract at issue. This prejudice is another reason why consolidation is inappropriate.

Considering the substantial cost and delay that Symbiot's involvement in this action will occasion, Heritage opposes that involvement, opposes Allin's motion to consolidate and respectfully requests that this Court deny that request and allow Heritage to promptly pursue its fully developed claims against Allin.

        Respectfully submitted,

        KNOX McLAUGHLIN GORNALL &
        SENNETT, P.C.

        BY: /s/ Richard A. Lanzillo, Esq.
            Richard A. Lanzillo
            Neal R. Devlin
            120 West Tenth Street
            Erie, PA  16501-1461
            (814) 459-2800

            Attorneys for plaintiff,
            Heritage Realty Management, Inc.

# 669579