IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERITAGE REALTY MANAGEMENT, INC., </br>     Plaintiff </br> </br>     v. </br> </br> JOHN ALLIN d/b/a ALLIN COMPANIES, </br>     Defendant-Third Party Plaintiff </br> </br>     v. </br> </br> SYMBIOT BUSINESS GROUP, INC. and SYMBIOT SNOW MANAGEMENT NETWORK, LLC, </br>     Third Party Defendants | Case No. CA 04 - 333 ERIE </br> </br> Judge Sean McLaughlin </br> </br> </br> </br> </br> </br> </br> </br> </br> </br> </br> TRIAL BY JURY OF 12 DEMANDED |

**DEFENDANT'S CONCISE STATEMENT OF MATERIAL FACTS**

1. The Plaintiff's Second Amended Complaint asserts two theories of recovery. One theory is based upon an alleged breach of contract arising from the Defendant's refusal to refund to Plaintiff an installment payment which had been made in accordance with a schedule of payments under the contract. The second theory is an alleged claim of anticipatory breach of contract allegedly arising from the Defendant's asset sale to Third Party Defendant Symbiot Snow Management Network, LLC.

2. The contract between Plaintiff and Defendant is dated October 12, 2004. The contract provides for the Plaintiff to pay to the Defendant a fixed fee to be paid in seven separate

installments.  Upon signing the contract, the Plaintiff paid to Defendant the first installment due under the contract.  *Contract, ¶6; Second Amended Complaint, ¶7; Plaintiff's Concise Statement, ¶11.*

   3.  Before the contract was signed, the Plaintiff was aware that the Defendant had to perform and, was in fact performing, work and services needed to properly prepare for performance.  *J. Allin Affidavit, ¶3; Defendant's Appendix Exhibits D-Q; Prendergast depos, pp. 8-9, 19; J. Allin depos., p. 63-64.*

   4.  After the contract was signed, the Defendant continued with his work and services in order to be ready to perform.  *See J. Allin Affidavit, ¶3; P. Allin depos., pp. 11-17; Defendant's Appendix Exhibits D-Q; Prendergast depos, pp. 8-9, 19.*

   5.  The Plaintiff terminated its contract with the Defendant by letter dated November 3, 2004.  *Second Amended Complaint, ¶13; Plaintiff's Concise Statement, ¶11, Exhibit "E."*

   6.  On November 4, 2004, Defendant and Third Party Defendant signed an Asset Purchase Agreement concerning the sale of Defendant's assets to the Third Party Defendant.  *Defendant's Appendix Exhibit "C."*

7. The closing on Defendant's sale to Third Party Defendant was held and completed on November 22, 2004. *J. Allin depos., pp. 6, 79; J. Allin Affidavit, ¶4.*

8. Even if Plaintiff had not terminated its contract with Defendant, the Defendant's asset sale to Third Party Defendant would not have prevented Defendant from fulfilling his obligations under the contract with Plaintiff. *J. Allin Affidavit*, *¶¶4-7.*

    Respectfully submitted,

    ELDERKIN, MARTIN, KELLY & MESSINA

    By  /s/ Craig A. Markham
        Craig A. Markham, Esquire
        Attorney for Defendant
        150 East Eighth Street
        Erie, Pennsylvania 16501
        (814) 456-4000