IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERITAGE REALTY MANAGEMENT, INC., | ) ) | |
| *Plaintiff* | ) ) | |
| v. | ) ) | Case No. CA 04-333 ERIE |
| JOHN ALLIN d/b/a ALLIN COMPANIES, | ) | Judge Sean McLaughlin |
| *Defendant-Third Party Plaintiff* | ) ) | |
| v. | ) ) | |
| SYMBIOT BUSINESS GROUP, INC. and SYMBIOT SNOW MANAGEMENT NETWORK, LLC, | ) ) ) | |
| *Third Party Defendants* | ) | |

## THIRD-PARTY DEFENDANTS' RENEWED MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER

AND NOW come the Third-Party Defendants, Symbiot Business Group, Inc. and Symbiot Snow Management Network, LLC, through their counsel, The McDonald Group, L.L.P., and respond to the Third-Party Complaint as follows:

1. This action was commenced on November 15, 2004, when Plaintiff filed its Complaint.

2. On February 17, 2006, Plaintiff filed its Second Amended Complaint in this action.

3. On March 8, 2006, Defendant and Third-Party Plaintiff John Allin ("Allin") filed his Answer to the Second Amended Complaint.

4. On March 9, 2006, Allin filed his Third-Party Complaint in this action without leave of court.

5.	On April 10, 2006, Third-Party Defendants, Symbiot Business Group, Inc. and Symbiot Snow Management Network, LLC (collectively "Symbiot"), filed their first Motion to Strike or Dismiss the Third Party Complaint (docket document 48).

6.	On May 2, 2006, Allin filed a both an opposition to Symbiot's Motion to Strike or Dismiss (docket document 53), and a Motion for Leave to File Third Party Complaint *Nunc Pro Tunc* (docket document 54).

7.	On May 3, 2006, this court entered a text order granting Allin's Motion for Leave to File Third Party Complaint *Nunc Pro Tunc*.

8.	This Court has not entered an order specifically disposing of Symbiot's first Motion to Strike or Dismiss the Third Party Complaint.

9.	Although Symbiot assumes that the Court's May 3, 2006 order renders moot those portions of Symbiot's motion challenging Allin's filing of the Third Party Complaint without prior leave of court and challenging the time at which the Third Party Complaint was filed, Symbiot's first Motion to Strike or Dismiss raised other challenges to the Third Party Complaint not rendered moot by the granting of Allin's Motion for Leave to File Third Party Complaint *Nunc Pro Tunc*.

10.	Symbiot does, therefore, reassert its challenges to Allin's Third Party Complaint which do not appear to be rendered moot or resolved by this Court's May 3, 2006 order.

**A.	Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted Pursuant To Fed.R.Civ.P. 12(b)(6) or, in the alternative, Motion To Transfer Pursuant To 28 U.S.C. §1404(a)**

11.	In his Third Party Complaint, Allin asserts that Symbiot "agreed and promised to accept certain existing liabilities of Allin . . ." (Third-Party Complaint, ¶5), and that Symbiot is

allegedly liable to Allin "based upon Symbiot's agreement with Allin . . . ." (Third-Party Complaint, ¶8).

12. The agreement to which Allin refers is a "letter agreement" (the "Letter Agreement") which was part of and integrally related to a comprehensive asset purchase agreement (the "Asset Purchase Agreement") by which Symbiot purchased select assets of Allin. A true and correct copy of the Asset Purchase Agreement (exclusive of its exhibits) is Exhibit A to this motion, and a true and correct copy of the Letter Agreement is Exhibit B to this motion. In further support, the Affidavit of Doug Haymore is attached to this motion as Exhibit C.

13. The Assert Purchase Agreement expressly provides that the parties "submit[] to the jurisdiction of any federal court sitting in Salt Lake County, Utah" (Exhibit A, ¶10(o)(i)), that "such jurisdiction shall be exclusive with respect to disputes arising under the Transaction Documents or the transaction contemplated thereby" (*id.*), and that "each Party also agrees not to bring or seek removal of any action or proceeding arising out of or relating to this Agreement in any other court." (Exhibit A, ¶10(o)(ii)).

14. Since the Letter Agreement and the claims Allin asserts against Symbiot arise out of and relate to the Asset Purchase Agreement, the forum selection clause in the Asset Purchase Agreement applies to all of Allin's claims asserted against Symbiot.

15. Symbiot and Allin agreed that all disputes arising out of or relating to the Asset Purchase Agreement must be adjudicated exclusively in the Federal district court sitting in Salt Lake County, Utah.

16. The Federal district court sitting in Salt Lake County, Utah, has both subject matter and personal jurisdiction to hear the claims raised in Allin's Third Party Complaint.

17. The agreement of the parties to litigate all of their disputes only in the Federal district court sitting in Salt Lake County, Utah, should be upheld and enforced.

18. Accordingly, venue in this district is improper and this court should dismiss this action pursuant to Fed.R.Civ.P. 12(b)(6), or in the alternative, transfer this action or the third party action to the Federal district court sitting in Salt Lake County, Utah pursuant to 28 U.S.C. §1404(a).

WHEREFORE, Third-Party Defendants respectfully request that this court enter an order dismissing the Third-Party Complaint for improper venue pursuant to Fed.R.Civ.P. 12(b)(6) or, in the alternative, transferring this action or the third party action to the Federal district court sitting in Salt Lake County, Utah pursuant to 28 U.S.C. §1404(a).

**B.  Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted Pursuant To Fed.R.Civ.P. 12(b)(6) or, in the alternative, Motion To Strike Pursuant To Fed.R.Civ.P. 14(a)**

19. In his Third-Party Complaint, Allin asserts that Symbiot may be liable for the reasons set forth in the complaint filed in Plaintiff's separate action against Symbiot pending in this court at Docket No. CA 06-47 (Erie).

20. In Plaintiff's separate action against Symbiot, the Plaintiff in that action asserts that Symbiot is alone liable to Plaintiff.

21. Allin's assertion in the Third-Party Complaint that Symbiot could be liable to Allin for the reasons set forth in Plaintiff's separate action against Symbiot fails to state a claim under Fed.R.Civ.P. 14(a) that Symbiot is or may be liable to the Allin for all or part of the Plaintiff's claims against the Allin.

- 5 -

WHEREFORE, Third-Party Defendants respectfully request that this court enter an order dismissing the Third-Party Complaint for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6) or, in the alternative, striking the Third-Party Complaint pursuant to Fed.R.Civ.P. 14(a).

        Respectfully submitted,

        THE McDONALD GROUP, L.L.P.
        By: /s/ `Daniel J. Pastore`
            Daniel J. Pastore
            Pa. I.D. No. 44619
            456 West 6th Street
            P. O. Box 1757
            Erie, PA 16507-0757
            Phone: (814) 456-5318
            Email: dpastore@tmgattys.com

        Attorneys for Third Party Defendants

F:\CFD\3100\3119 (Symbiot)\Renewed Motion to Strike.doc