**EXHIBIT B**

November 22, 2004

**SENT VIA FACSIMILE NO.: (801) 733 6902**

Symbiot Business Group, Inc.
Symbiot Snow Management Network, LLC
8180 South Highland Drive
Suite B-2
Sandy, Utah 84093

Re:   Asset Purchase Agreement:

Dears Sirs:

    This letter sets forth the agreement (this "Letter Agreement") by and among Symbiot Business Group, Inc., a Delaware corporation ("Parent"), Symbiot Snow Management Network, LLC, a Utah limited liability company ("Buyer"; collectively with Parent, the "Buying Parties'), and John Allin, an individual ("Seller") with respect to the Asset Purchase Agreement (the "Purchase Agreement") dated as of November 3, 2004 among the foregoing. Capitalized terms used but not defined in this Letter Agreement have the meaning set forth in the Purchase Agreement.

    In consideration of the mutual covenants and agreements set forth herein and in the Purchase Agreement, the undersigned hereby agree as follows:

    1.    <u>Heritage Litigation</u>. The Buyer shall assume all obligations of Seller, up to $170,000 in the aggregate, with respect to the litigation captioned Heritage Realty Management, Inc. v. John Allin d/b/a Allin Companies and Snow Management Group, In the United States District Court for the Western District of Pennsylvania (the "Heritage Litigation"). Seller shall indemnify and hold harmless the Buying Parties against all amounts in excess of $170,000 the Buying Parties are required to pay Heritage Realty Management, Inc. or any of its affiliates in connection with settlement or litigation of the Heritage Litigation.

    2.    <u>Champlain Litigation</u>. With respect to the litigation captioned Champlain Valley Property Services, Inc. ("Champlain") v. Snow Management Group in Vermont State Court (the "Champlain Litigation"):

    A.    Seller hereby authorizes the Buying Parties to deduct $11,095 from the first payment due to Seller following Closing under Section 2(c) of the Purchase Agreement, which is the amount by which the amount Champlain has demanded in order to settle its claims against Seller and the Buying Parties exceeds the stated amount of such account payable on the Section 3(p)(ii) of the Disclosure Schedule.

**EXHIBIT B**

SaltLake-240841.2 0041111-00001

Symbiot Business Group, Inc.
Symbiot Snow Management Network, LLC
November 22, 2004
Page 2

        B.    In the event that either of the Buying Parties determines to sign a Guarantee guaranteeing the payment of John Allin under a proposed promissory note in the amount of $24,457.40 to Champlain (any such guarantee, a "Guarantee") and either of the Buying Parties is required to pay any amount under such Guarantee, Seller shall indemnify and hold harmless the Buying Parties against all amounts either is required to pay under, or with respect to, a Guarantee.

    3.    Waiver of Conditions. The Buying Parties hereby waive, as conditions to the Closing, the items listed on Exhibit A to the closing certificate delivered pursuant to Section 6(a)(vii) of the Purchase Agreement. For purposes of clarification, the parties acknowledge and agree that the Buying Parties are not hereby waiving any rights such Buying Parties have under Section 8 of the Purchase Agreement or otherwise with respect to any breach by Seller of any representation, warranty, covenant or other provision of the Purchase Agreement.

    4.    Consents to Assignment. Seller acknowledges his obligations under Section 7(g) of the Purchase Agreement with respect to the Unassigned Assets and agrees to provide, within ten (10) business days of the Closing, a status report on Unassigned Assets as well as all contact, status and other information necessary for the Buying Parties, as their election but without eliminating Seller's primary obligations, to follow up on any consents that have not yet been obtained.

    5.    Purchase Price. Notwithstanding anything in Section 2(c)(i) to the contrary, the Buyer shall pay to Seller at Closing only $50,000 of the $250,000 required to be paid at Closing by Section 2(c)(i), which $50,000 shall be paid to the account of legal counsel for Seller. The remaining $200,000 described in Section 2(c)(i) shall be paid by the Buyer to Seller at such future time as Seller and the Buying Parties may mutually agree.

    6.    Miscellaneous. Any amounts payable by Seller to any of the Buying Parties hereunder may be deducted by the Buying Parties from any future payments due under Section 2(c) of the Purchase Agreement. In the event of a conflict between this Letter Agreement and the Purchase Agreement, this Letter Agreement shall prevail. All notices shall be in writing and sent by registered mail, overnight mail, express courier, or transmitted by facsimile to the addresses and facsimile numbers indicated in the Purchase Agreement. This Agreement may be executed in counterparts, all of which taken together shall form an original agreement, and a facsimile or electronic copy of this Letter Agreement or any portion thereof shall be valid as an original. This Letter Agreement is not intended to confer upon any Person not a party hereto any rights or remedies hereunder.

Symbiot Business Group, Inc.
Symbiot Snow Management Network, LLC
November 22, 2004
Page 3

Each of the undersigned agree to be bound by the terms and conditions of the foregoing Letter Agreement.

_____
John Allin, an individual d/b/a Snow Management Group

Symbiot Business Group, Inc.

By: *[signature]*
Its: Pres & CEO

Symbiot Snow Management Network, LLC

By: Symbiot Business Group, Inc., its Manager

By: *[signature]*
Its: Pres & CEO

NY1 771308v6

Symbiot Business Group, Inc.
Symbiot Snow Management Network, LLC
November 22, 2004
Page 3

      Each of the undersigned agree to be bound by the terms and conditions of the foregoing Letter Agreement.

_____
John Allin, an individual d/b/a Snow Management Group

*[Signature: Mary-Helen Russell 11/19/04]*

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Mary-Helen Russell, Notary Public
City Of Erie, Erie County
My Commission Expires Jan. 30, 2008
Member, Pennsylvania Association Of Notaries

Symbiot Business Group, Inc.

By:_____
Its:_____

Symbiot Snow Management Network, LLC

By: Symbiot Business Group, Inc., its Manager

   By:_____
   Its:_____