IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERITAGE REALTY MANAGEMENT, INC., | ) ) | |
|     *Plaintiff* | ) ) | |
| v. | ) ) | Case No. CA 04-333 ERIE |
| JOHN ALLIN d/b/a ALLIN COMPANIES, | ) | Judge Sean McLaughlin |
|     *Defendant-Third Party Plaintiff* | ) ) | |
| v. | ) ) | |
| SYMBIOT BUSINESS GROUP, INC. and SYMBIOT SNOW MANAGEMENT NETWORK, LLC, | ) ) ) | |
|     *Third Party Defendants* | ) | |

**THIRD PARTY DEFENDANTS' RESPONSE AND OBJECTION TO DEFENDANT'S MOTION TO CONSOLIDATE ACTIONS**

Third Party Defendants, Symbiot Business Group, Inc. and Symbiot Snow Management Network, LLC (collectively "Symbiot"), through their counsel, The McDonald Group, L.L.P., file the following as their response to Defendant's Motion to Consolidate Actions.

Plaintiff, Heritage Realty Management, Inc. ("Heritage"), commenced this action against Defendant, John Allin ("Allin"), on November 15, 2004. On March 9, 2006, after discovery closed and Heritage filed its motion for summary judgment, Allin filed his third party complaint, without leave of court, joining Symbiot as a third party defendant.

On February 23, 2006, Heritage commenced a separate action against Symbiot, which is pending in this court at Docket No. CA 06-47 (ERIE). Allin is not a party to the *Heritage v. Symbiot* action.

For the reasons set forth in Symbiot's first motion to dismiss filed April 10, 2006 in response to Allin's third party compliant filed without leave of court, and as further set forth in

Symbiot's renewed motion to dismiss filed following this Court's May 3, 2006 order granting Allin's motion for leave to file third party complaint *nunc pro tunc*, Allin should not be permitted to litigate his claims against Symbiot in this forum. Rather, Allin unequivocally agreed that any claims Allin may have against Symbiot which arise out of or are related to the asset purchase agreement entered into between Allin and Symbiot must be tried only in the Federal district court sitting in Salt Lake County, Utah. Accordingly, Allin's third party complaint filed in this action should be dismissed.

Upon dismissal of Allin's third party complaint against Symbiot, and if these actions are not consolidated, the *Heritage v. Allin* action, in which cross motions for summary judgment are pending, and in which discovery is closed, can move toward prompt resolution or trial. The *Heritage v. Symbiot* action, in which the pleadings just closed, and in which Allin is not even a party, can proceed independently without the added complexity which would be involved if the action were consolidated with the *Heritage v. Allin* action.

Additionally, upon dismissal of Allin's third party complaint against Symbiot, the parties in the two actions will be different. In the *Heritage v. Allin* action, Heritage and Allin will be the only parties. In the *Heritage v. Symbiot* action, Heritage and Symbiot will be the only parties.

Similarly, the issues in both cases will be dissimilar because the claims in the two cases are based on completely different contracts. In the *Heritage v. Allin* action, the issue is whether, under the contract entered into between Heritage and Allin by which Allin was to plow snow at Heritage's properties, Allin is liable for any portion of the first payment made by Heritage to Allin. In the *Heritage v. Symbiot* action, the issue is whether under the asset purchase agreement entered into between Allin and Symbiot by which Symbiot acquired certain assets of Allin, Symbiot could be liable for any obligation Allin may be found to owe to Heritage.

Symbiot submits that the most efficient disposition of these cases would be as follows. First, the Court should dismiss Symbiot from the *Heritage v. Allin* action and enforce the forum selection clause to which Allin agreed. Next, either the *Heritage v. Symbiot* action should proceed independently, or the Court should stay the *Heritage v. Symbiot* action pending disposition of the *Heritage v. Allin* action because the *Heritage v. Symbiot* action may be moot depending on the outcome of the *Heritage v. Allin* action. If Heritage succeeds in its action against Allin, and Heritage collects any judgment against Allin, the *Heritage v. Symbiot* action becomes moot because Heritage cannot recover the same damages twice. If Allin successfully defeats Heritage's claims in the *Heritage v. Allin* action, and Allin demonstrates that Allin earned the payment made by Heritage to Allin, then Heritage will have no basis for seeking recovery of that same payment from Symbiot in the separate *Heritage v. Symbiot* action.

If Symbiot's motion to dismiss is not granted, and these actions were consolidated, the relatively straightforward one-count claim raised by Heritage in the *Heritage v. Allin* case will mushroom into a complex case involving Heritage's claims against Allin, Allin's claims against Symbiot and Symbiot's counterclaims against Allin. If Symbiot's motion to dismiss is not granted, and the actions are consolidated, Symbiot will be compelled to assert compulsory counterclaims against Allin in Pennsylvania, despite the fact Allin and Symbiot specifically agreed to try all claims against one another only in Utah, and despite the fact Symbiot does not want to try its claims against Allin in Pennsylvania. Symbiot's counterclaims will substantially exceed the value of either Heritage's claim against Allin, or Allin's contribution claim against Symbiot. The issues involved in Symbiot's counterclaims will involve a host of issues arising out of the asset purchase agreement entered into between Allin and Symbiot, almost all of which will have nothing to do with Heritage. If Symbiot is compelled to assert its compulsory counterclaims in this forum in the *Heritage v. Allin*

action despite the forum selection clause to which Allin agreed, then Symbiot will likely file a third party complaint against Allin in the *Heritage v. Symbiot* action as well, seeking indemnity or contribution from Allin in that case also. If Symbiot is dismissed from the *Heritage v. Allin* action, then Symbiot can file any claims it has against Allin in Utah as the parties agreed.

Allin and Symbiot agreed that any disputes between them would be litigated only in Utah. In contravention of that agreement, Allin filed his third party complaint against Symbiot in this forum. Allin is now attempting to utilize the third party complaint, which he filed in violation of the agreement of the parties, to now consolidate this action with the *Heritage v. Symbiot* action in which Allin is not even a party. This court should uphold the forum selection clause and grant Symbiot's motion to dismiss, deny Allin's motion to consolidate, and allow these two distinct actions involving entirely separate claims to proceed independently.

THE McDONALD GROUP, L.L.P.
By: /s/ Daniel J. Pastore
    Daniel J. Pastore
    Pa. I.D. No. 44619
    456 West 6th Street
    P. O. Box 1757
    Erie, PA 16507-0757
    Phone: (814) 456-5318
    Email: dpastore@tmgattys.com

Attorneys for Third Party Defendants

f:\cfd\3100\3119 (symbiot)\tpd obj. to def. mo. to consolidate actions.doc