IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERITAGE REALTY MANAGEMENT, INC., <br><br> Plaintiff <br><br> vs. <br><br> JOHN ALLIN d/b/a ALLIN COMPANIES and SNOW MANAGEMENT GROUP, <br><br> Defendant | Docket No. 04-333 ERIE <br> (Judge Sean J. McLaughlin) <br><br> ELECTRONICALLY FILED PLEADING <br><br> PLAINTIFF'S RESPONSE TO DEFENDANT'S CONCISE STATEMENT OF MATERIAL FACTS. <br><br> Filed on behalf of: Plaintiff, Heritage Realty Management, Inc. <br><br> Counsel of record for this party: <br><br> Richard A. Lanzillo, Esq. <br> Knox McLaughlin Gornall <br> & Sennett, P.C. <br> 120 West 10th Street <br> Erie, PA 16501 <br> Telephone (814) 459-2800 <br> Facsimile (814) 453-4530 <br> Email rlanzillo@kmgslaw.com <br> PA53811 |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S CONCISE STATEMENT OF MATERIAL FACTS

1. It is admitted that Heritage's Second Amended Complaint includes a single claim for breach of contract. It is further admitted that Heritage's Motion for Summary Judgment is premised on two independent theories of Allin's breach of the Contract, including Paragraph 17, and his anticipatory breach of the contract as a whole. The remaining allegations in Paragraph 1 are denied based on the language of the Complaint.

2. It is admitted that the Contract is dated October 12, 2004, that Heritage is to pay Allin a fixed annual fee payable in seven separate payments if the Contract is not

terminated. However, the Contract includes specific and unambiguous language regarding Heritage's payment obligations if it terminates the Contract. (Contract, ¶ 17).

      3.    Denied. Heritage was not aware of what work Allin was performing prior to the Contract or how Allin was preparing to perform under the Contract. (Deposition of Robert G. Prendergast, pp. 7-10).

      4.    Admitted in part and denied in part. Heritage had concerns regarding Allin's ability to perform under the contract based on both his pre and post contract activity. Heritage denies that it had any knowledge regarding what actions Allin was taking to attempt to perform. (Id.)

      5.    Admitted

      6.    Denied. (Excerpt of Asset Purchase Agreement, attached to Defendants' Appendix as Exhibit C and dated November 3, 2004). Other than Defendant's submission of portions of what purports to be the Asset Purchase Agreement, and John Allin's testimony regarding that Agreement, Heritage has no independent knowledge of the terms or timing of that agreement.

      7.    Heritage has insufficient information to admit that the closing between Defendant and Third Party Defendant occurred on any specific date.

      8.    Denied.  (Contract, ¶¶ 4, 13).

                Respectfully submitted,

                KNOX McLAUGHLIN GORNALL & SENNETT, P.C.

                BY: /s/ Richard A. Lanzillo, Esq.
                      Richard A. Lanzillo
                      Neal R. Devlin
                      120 West Tenth Street
                      Erie, PA  16501-1461
                      (814) 459-2800

                      Attorneys for plaintiff,
                      Heritage Realty Management, Inc.

# 676049