IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERITAGE REALTY MANAGEMENT, INC., | ) Docket No. 04-333 ERIE |
| | ) (Judge Sean J. McLaughlin) |
| Plaintiff | ) ELECTRONICALLY FILED PLEADING |
| vs. | ) PLAINTIFF'S MOTION IN LIMINE TO |
| | ) PRECLUDE EVIDENCE OF PRE- |
| JOHN ALLIN d/b/a ALLIN COMPANIES and SNOW MANAGEMENT GROUP, | ) CONTRACT EXPENSES |
| | ) Filed on behalf of: Plaintiff, Heritage Realty |
| | ) Management, Inc. |
| Defendant | ) |
| | ) Counsel of record for this party: |
| | ) |
| | ) Richard A. Lanzillo, Esq. |
| | ) Knox McLaughlin Gornall |
| | ) & Sennett, P.C. |
| | ) 120 West 10th Street |
| | ) Erie, PA 16501 |
| | ) Telephone (814) 459-2800 |
| | ) Facsimile (814) 453-4530 |
| | ) Email rlanzillo@kmgslaw.com |
| | ) PA53811 |

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF
PRE-CONTRACT EXPENSES**

AND NOW, comes the plaintiff, Heritage Realty Management, Inc., by and through its counsel, Knox McLaughlin Gornall and Sennett, P.C., and files the following Motion in Limine:

1. In his Pre-Trial Narrative defendant, John Allin ("Allin"), asserts that he is entitled to payment for expenses he claims to have incurred prior to the execution date of the October 12, 2004 contract at issue ("Contract").

2.	Neither the language of the Contract nor applicable law allows Allin to recover pre-contract expenses as a set-off to the amount he is required to repay pursuant to paragraph 17 of the Contract.

3.	As more fully discussed in Heritage's Motion in Limine to Limit Evidence of Set-Off, this Court has already ruled that paragraph 17 of the Contract entitles Heritage to a return of its initial payment of $340,482.90, less any contractually allowed and proven set-off. The contractually permissible set-offs against Heritage's prepayment are expenses for "work or services performed and equipment and materials supplied to the date of termination."

4.	Based on Allin's Pre-Trial Narrative, Heritage anticipates that Allin will claim that he is entitled to set-off expenses and costs allegedly expended for activities prior to the execution date of the Contract. Throughout this matter, and in his Pre-Trial Narrative, Allin has claimed an entitlement to payment for this pre-contract activity on a theory of reliance. Allin's arguments regarding this theory, and his entitlement to payment for pre-contract expenses, are misplaced for three reasons.

5.	First, to the extent Allin is seeking equitable relief, such relief is precluded by the existence of the Contract addressing the payment terms.

6.	Second, Allin is attempting to treat his limited ability to off-set under paragraph 17 of the Contract as analogous to his entitlement to reliance damages from Heritage. (See Allin's Brief in Support of Motion for Summary Judgment, p. 18, relying on cases dealing with the reliance measure of damages in breach of contract cases). Of course, this pre-supposes that Heritage breached the Contract. There is, however, no claim that Heritage breached the Contract or any facts to indicate a breach by Heritage. Thus, Allin cannot claim "reliance damages" to support his claim for expenses that pre-date the Contract.

7. Third, even if concepts of reliance were relevant to Allin's claim for off-set, the applicable law does not permit a party to a contract to recover expenses incurred prior to the execution of a contract, particularly where the language of the contract does not authorize such recovery and the other party to the contract has not breached.

8. As more fully described in plaintiff's brief in support of this Motion, a party entitled to payment based on the concept of "reliance" is only entitled to payment for post-contract activities. This rule is well established in this Circuit.

9. It is undisputed that the Contract was not executed until October 12, 2004.

10. Heritage never assumed responsibility for Allin's pre-contract activities. To the contrary, on August 13, 2004, Heritage sent Allin a letter expressing the non-binding nature of their relationship. (August 13, 2004 Letter from Heritage to Jeffrey Vernon, attached hereto as Exhibit A). Up until October 12, 2004, the parties were engaged in negotiations regarding the terms of the Contract. In fact, Allin himself made changes to the Contract as late as October 4, 2004, when he finally signed it. (October 12, 2004 Contract, attached hereto as Exhibit B, showing handwritten edits by Allin). Allin could not have reasonably expected to receive compensation or reimbursement for pre-contract activities. Indeed, Allin himself acknowledged that prior to the execution of the Contract, he did not expect to receive compensation for his pre-contract activities. (Deposition of John Allin, p. 68, attached hereto as Exhibit C).

11. Allin has no basis, under the language of the Contract or the legal principles upon which he relies, to recover for pre-contract activities.

WHEREFORE, Heritage respectfully requests that this Court enter an Order precluding Allin from introducing any evidence related to his alleged pre-contract work, services, costs or expenses.

        Respectfully submitted,

        KNOX McLAUGHLIN GORNALL &
        SENNETT, P.C.

        BY: /s/      Richard A. Lanzillo, Esq.
            Richard A. Lanzillo, Esquire
            Neal R. Devlin, Esquire
            120 West Tenth Street
            Erie, PA 16501
            Telephone (814) 459-2800
            Facsimile (814) 453-4530
            Email rlanzillo@kmgslaw.com
            PA53811

            Attorneys for plaintiff,
            Heritage Realty Management, Inc.

# 679359