IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERITAGE REALTY MANAGEMENT, INC., | ) Docket No. 04-333 ERIE |
| | ) (Judge Sean J. McLaughlin) |
| Plaintiff | ) ELECTRONICALLY FILED PLEADING |
| vs. | ) PLAINTIFF'S MOTION IN LIMINE TO |
| | ) LIMIT TRIAL TO EVIDENCE OF ANY |
| JOHN ALLIN d/b/a ALLIN COMPANIES and SNOW MANAGEMENT GROUP, | ) CONTRACTUALLY PERMITTED SET-OFF |
| | ) Filed on behalf of: Plaintiff, Heritage Realty |
| | ) Management, Inc. |
| Defendant | ) |
| | ) Counsel of record for this party: |
| | ) |
| | ) Richard A. Lanzillo, Esq. |
| | ) Knox McLaughlin Gornall |
| | ) & Sennett, P.C. |
| | ) 120 West 10th Street |
| | ) Erie, PA 16501 |
| | ) Telephone (814) 459-2800 |
| | ) Facsimile (814) 453-4530 |
| | ) Email rlanzillo@kmgslaw.com |
| | ) PA53811 |

**PLAINTIFF'S MOTION IN LIMINE TO LIMIT TRIAL TO EVIDENCE OF ANY CONTRACTUALLY PERMITTED SET-OFF**

AND NOW, comes the plaintiff, Heritage Realty Management, Inc., by and through its counsel, Knox McLaughlin Gornall and Sennett, P.C., and files the following Motion in Limine:

1. In his Pre-Trial Narrative, defendant, John Allin ("Allin"), alleges that the Contract at issue does not entitle Heritage to recover any of the $340,482.90 payment it made to him.

2. Allin raised this same argument in support of his Motion for Summary Judgment.

3. This Court rejected that argument and ruled that,

> I am of the view that [Paragraph 17 of the Contract at issue] is clear and unambiguous within the meaning of the previously-described cases. In other words, if the contract is terminated during a given year, Heritage's obligation is to pay 'for all work or services performed and equipment and materials supplied to the date of termination.' There is no indication in the plain language of the contract, in fact, in my view, it would be nonsensical to read into it a provision which, in essence, would require Heritage to forfeit in its entirety any installment payment made under the contract regardless of the amount of work performed. Otherwise stated, that interpretation would create a windfall.
>
> That said, however, I'm of the opinion that there are material issues of fact as to the nature, value and perhaps timing of services performed by Allin relative to the issue of offset, such that summary judgment is inappropriate.

(June 21, 2006 Order of Court, p. 5, attached hereto as Exhibit A).

4. This finding is based upon the clear and unambiguous language of the Contract and establishes, as a matter of law, Heritage's entitlement to recover the $340,482.90 initial payment, subject to any contractually permitted set-off.

6. Thus, the only issue remaining for trial is whether Allin has any legitimate and contractually permissible set-off.

7. Allin's attempt to revisit Heritage's contractual right to recover the initial payment is precluded by this Court's Opinion and Order of June 21, 2006.

8. Any evidence or argument challenging Heritage's contractual right to recover the initial payment, including Allin's argument that the Contract entitled him to a fixed-fee regardless of whether he performed any services, or any other issues not directly related to Allin's claimed set-offs are irrelevant.

WHEREFORE, Heritage respectfully requests that this Court enter an order establishing, as a matter of law, Heritage's entitlement to a return of its initial payment subject only to any contractually permitted off-sets and limiting the evidence at trial to evidence related to such off-sets.

    Respectfully submitted,

    KNOX McLAUGHLIN GORNALL &
    SENNETT, P.C.

    BY: /s/      Richard A. Lanzillo, Esq.
        Richard A. Lanzillo, Esquire
        Neal R. Devlin, Esquire
        120 West Tenth Street
        Erie, PA  16501
        Telephone (814) 459-2800
        Facsimile (814) 453-4530
        Email rlanzillo@kmgslaw.com
        PA53811

    Attorneys for plaintiff,
    Heritage Realty Management, Inc.

# 679360