IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERITAGE REALTY MANAGEMENT, INC., | ) Docket No.  04-333 ERIE |
| | ) (Judge Sean J. McLaughlin) |
| | ) |
| Plaintiff | ) ELECTRONICALLY FILED PLEADING |
| | ) |
| vs. | ) PLAINTIFF'S MOTION IN LIMINE TO |
| | ) PRECLUDE EVIDENCE REGARDING |
| JOHN ALLIN d/b/a ALLIN | ) DEFENDANT'S ALLEGED COSTS AND |
| COMPANIES and SNOW | ) EXPENSES |
| MANAGEMENT GROUP, | ) |
| | ) Filed on behalf of:  Plaintiff, Heritage Realty |
| Defendant | ) Management, Inc. |
| | ) |
| | ) Counsel of record for this party: |
| | ) |
| | ) Richard A. Lanzillo, Esq. |
| | ) Knox McLaughlin Gornall |
| | ) & Sennett, P.C. |
| | ) 120 West 10th Street |
| | ) Erie, PA 16501 |
| | ) Telephone (814) 459-2800 |
| | ) Facsimile (814) 453-4530 |
| | ) Email rlanzillo@kmgslaw.com |
| | ) PA53811 |

## PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE REGARDING DEFENDANT'S ALLEGED COSTS AND EXPENSES

AND NOW, comes the plaintiff, Heritage Realty Management, Inc., by and

through its counsel, Knox McLaughlin Gornall and Sennett, P.C., and files the following Motion

in Limine:

1.      Discovery and motion practice have focused this case on ascertaining

whether Allin has any legitimate set-off claim for costs and/or expenses compensable under

Paragraph 17 of the parties' Contract of October 12, 2004.

2.      To this end, Heritage propounded discovery on Allin requesting an itemization of and all information related to any expenses to which defendant believed he was entitled under the terms of the Contract.  (Plaintiff's Interrogatories and Requests for Production of Documents, attached hereto as Exhibit A, ¶¶ 4-9).

3.      In response to these discovery requests, Allin produced a four page document that included a three page spreadsheet of alleged expenses.  (Initial Spreadsheet, attached hereto as Exhibit B).  The only documents produced by Allin in support of this spreadsheet were an itemization of travel expenses and the contents of certain "RFPs" that were identified in the spreadsheet.

4.      The bulk of the expenses identified in the Initial Spreadsheets were for work performed by various Allin employees.  Of the $201,066.75 claimed by Allin, $195,740 was related to hours of work allegedly performed by Allin or his employees.  Allin did not provide any time records or other supporting documentation, nor did he identify any individuals who could support these claimed expenses.  .

5.      On October 31, 2005, the parties engaged in a status/settlement conference before the Court.  During that conference, the Court ordered Allin to produce records in support of the claimed costs and expenses.  Pursuant to the Court's Order, Allin was to produce this information by November 15, 2005.

6.      By November 22, 2005, Allin had not produced any additional records and Heritage filed a Motion to Compel.

7.      On November 23, 2005, the Court granted Heritage's Motion to Compel and ordered that Allin:

> shall have until December the 10[th] to produce any and all records within their possession or control responsive to the discovery

request. Or failing that, to explain in detail the effort or efforts that were made to locate any such records in the event that the defendants ultimately claim that they have no records that are responsive. In the event that the records td exist but for logistical or other reasons have not been or cannot be produced by December 10th, I will preclude any proof on the issues that would have been generated in connection with those records.

(November 23, 2005 Order and relevant record, attached hereto as Exhibit C).

8.     On December 9, 2005, Allin produced thirteen pages of documents dealing with his claimed expenses. (Second Spreadsheet, attached hereto as Exhibit D). These documents were largely duplicative of the Initial Spreadsheet. The only additions to that spreadsheet were more general descriptions of activities conducted by John Allin, Jeff Vernon and an unidentified individual. Allin did not produce any additional information or records to support his claimed expenses.

9.     On December 28, 2005, Heritage filed a Motion to Exclude Evidence of Alleged Time and Expense Set-Offs.

10.     On January 11, 2006, the Court held a hearing on this Motion, at the conclusion of which it denied Heritage's requested relief.

11.     However, during that hearing the Court inquired of Allin's counsel as to whether he would be producing any witnesses, beyond Allin and his wife, in support of his claimed expenses. The following colloquy established Allin's representation that he would not be presenting witnesses not previously identified or produced:

Court:          [I]f this thing keeps jumping along toward trial, what about these other individuals [who are identified on the Initial and Second Spreadsheet by name or position] that are all spread into the four winds, are you going to bring them in to substantiate your claims?

| Mr. Markham: | I don't think so.  The memories we're talking about [referring to the memories that led to the creation of the Spreadsheets] are the memories of the people here.  We didn't talk to – |
| | *** |
| Court: | . . . [I]t's not your intention to bring these people in as live witnesses in support of your setoff claim, is that right? |
| Mr. Markham: | I think that's correct.  The only potential witness will be Jeff Vernon, only because he was more intimately involved in some of the preparation work.  But beyond that, even that's speculation. |

(Transcript of January 11, 2006 Hearing, p. 9-10, attached hereto as Exhibit E).

12.      As this colloquy demonstrates, Allin failed to identify any individuals, beyond he and his wife, who he planned on producing in support of his claimed set-off.  He also represented that he would not produce any such individuals at trial.

13.      In contrast, Allin's motion for summary judgment attached 6 affidavits from various former employees setting forth detailed statements in support of the expenses claimed on the Initial and Second Spreadsheets.

14.      Allin's pretrial statement identified 10 persons as witness whose names appear on the Initial Spreadsheet.  These are the precise people who Allin's counsel indicated would not be called in response to the Court's questioning on this matter.

15.      This Court's November 23, 2005 order required Allin to disclose all records in support of his expenses or be barred from introducing evidence related to those expenses.

16.      At the January 11, 2006 hearing on Heritage's Motion to Exclude evidence based on this order, Allin represented that all of the supporting documents had been produced, all

of the witnesses who would be called had been produced, and that no additional witnesses would be produced at time of trial.

17.     This Court's November 23, 2005 Order made clear that any failure to produce the specified information by December 11, 2005 would bar Allin from introducing it at a latter date and the Court's colloquy on January 11, 2006 reinforced this point.

18.     Based upon this Court's previous Orders and his representations regarding the unavailability and his intention to not call witnesses beyond himself and his wife, Allin should be precluded from introducing any evidence related to or testimony from these individuals and should be further precluded from introducing any evidence in support of his claimed expenses beyond the documents provided prior to December 11, 2005 (subject to any objections at trial), his testimony and the testimony of Margaret Allin, who were produced as individuals with information related to his claimed expenses.

WHEREFORE, Heritage respectfully requests that this Court enter an order precluding Allin from introducing any evidence related to or testimony from any individual other than John Allin and Margaret Allin and that he be precluded from introducing any evidence regarding his claimed expenses other than documents disclosed prior to December 11, 2005 (subject to objections at trial).

Respectfully submitted,

KNOX McLAUGHLIN GORNALL & SENNETT, P.C.


BY: /s/ Richard A. Lanzillo, Esq.
      Richard A. Lanzillo, Esquire
      Neal R. Devlin, Esquire
      120 West Tenth Street
      Erie, PA  16501
      Telephone (814) 459-2800
      Facsimile (814) 453-4530
      Email rlanzillo@kmgslaw.com
      PA53811


      Attorneys for plaintiff,
      Heritage Realty Management, Inc.

# 686717