IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERITAGE REALTY MANAGEMENT, INC., | ) Case No. CA 04 - 333 ERIE |
| Plaintiff | ) Judge Sean McLaughlin |
| v. | ) |
| JOHN ALLIN d/b/a ALLIN COMPANIES, | ) |
| Defendant | ) TRIAL BY JURY OF 12 DEMANDED |

**DEFENDANT'S BRIEF IN OPPOSITION TO MOTION
IN LIMINE TO PRECLUDE EVIDENCE REGARDING
DEFENDANT'S ALLEGED COSTS AND EXPENSES**

I.   BACKGROUND

A.  PROCEDURAL HISTORY

The Plaintiff has filed a motion seeking to impose sanctions against Mr. Allin to preclude the introduction of evidence at trial relating to all of the work and services performed by Mr. Allin through the date of the termination of the parties' contract. [Doc. 85].[1] This would deny Mr. Allin the ability to defend against Plaintiff's claims. To support the imposition of such a

---

[1] Plaintiff has also filed a separate motion in limine [Doc. 83] to preclude introduction of evidence of that work and services furnished by the Defendant before the contract was signed. These motions rehash the same claims which were rejected previously by the Court. For instance, Plaintiff had previously filed a motion for sanctions to exclude this evidence [Doc. 32] and filed a summary judgment motion [Doc. 40] seeking entry of judgment against Mr. Allin on the merits of the set-off claim. On both occasions, the court rejected Plaintiff's arguments.

significant sanction, the Plaintiff argues that Mr. Allin did not timely identify those individuals who will be called at trial to provide evidence of the work and services performed.

The Plaintiff's motion for sanctions must be denied as being without support in the facts or the law. Mr. Allin has produced all of the documents and records within his possession which were responsive to Plaintiff's discovery requests. These records disclosed the identities of those individuals who were involved in furnishing the relevant work and services. Plaintiff does not allege otherwise. It is further undisputed that the Plaintiff did not propound any interrogatory designed to elicit any information regarding potential trial witnesses. Thus, Plaintiff has not used the means available to it to conduct discovery regarding the matters of which it now complains. Nevertheless, Mr. Allin did timely disclose his trial witnesses as required by the relevant rules of court and by the court's case management order. The Plaintiff does not allege otherwise.

This brief is respectfully submitted in opposition to Plaintiff's motion.

B.  DEFENDANT HAS COMPLIED FULLY WITH ALL DISCOVERY REQUESTS

Contrary to Plaintiff's suggestions, Mr. Allin has produced volumes of documents in response to Plaintiff's discovery requests. The number of documents is such as to fill an entire banker's box. On or about May 18, 2005, Mr. Allin produced, among many other documents relating to his work and services, a written itemized summary of employee time and out-of-pocket

expenditures. This itemization included the names of some 20 former employees of Mr. Allin who performed work or services in connection with the contract with Plaintiff. At that time, Mr. Allin also produced volumes of documents, e-mails and letters which actually reflected this work and/or which were the byproducts of this work. These documents also revealed the identities of Mr. Allin's former employees who were involved in this work. Therefore, over one year ago many more documents and much more information was produced beyond the four-page itemized summary statement.

On October 31, 2005, a settlement conference was held during which Plaintiff raised an issue of whether additional records existed which were responsive to the requests for those source documents supporting the summary statement. Mr. Allin indicated that additional records may have existed, but he would have to check his files.

On November 22, 2005, the Plaintiff filed a motion to compel additional documents. [Doc. 31-1]. An argument was held on November 23, 2005, at which time counsel indicated that although Mr. Allin was still searching his records, it was not believed that additional documentation existed. Since the search for documents had not been finalized, the Court ruled that if any responsive documents existed, they would have to produced by December 10, 2005. Documents which were responsive to Plaintiff's request and which are produced after that deadline would not be admissible at the time of trial. Contrary to Plaintiff's current characterization of the issues then before the Court, the Court directed Mr. Allin to produce specific <u>documents</u>, not general "information." *Plaintiff's Motion, ¶17*. At the end of that

3.

conference, the Court also extended discovery from the December 10 deadline to January 10, 2006.[2]

       Prior to December 10, 2005, Mr. Allin did locate additional itemized summary statements which were then timely produced to the Plaintiff.  In response, Plaintiff did not schedule any depositions of Mr. Allin or of his former employees and did not submit any discovery request whatsoever to have Mr. Allin identify his trial witnesses.  To the contrary, on December 28, 2005, rather than seeking to obtain any more information, the Plaintiff filed a motion in limine to exclude all evidence relating to the time and expense incurred by Mr. Allin. [Doc. 32].  In an effort to support of this motion, Plaintiff argued that the documents produced by Mr. Allin were insufficient as a matter of law to prove these expenditures.  Plaintiff's motion did not request additional time for discovery and did not raise any issue regarding the failure to identify trial witnesses.

       By notices dated December 30, 2005, the Plaintiff scheduled the depositions of four out of the twenty former employees of Mr. Allin who were identified in Mr. Allin's summary listing of time and expenses.  These former employees were Jeff Vernon, Dave Dziuban, Bryan Rohe and Duane Haataja.  Since none of these four individuals were currently employed by Mr. Allin, counsel advised the Plaintiff that he could not guarantee their attendance at any deposition.  However, Mr. Allin agreed to assist the Plaintiff in locating and producing these individuals.

---

[2] By virtue of prior successive case management orders, the periods of discovery had previously closed on July 1, 2005, October 1, 2005 and December 10, 2005.  During these extensions, Plaintiff made no attempt to depose Mr. Allin or his former employees.

4.

Despite this, the Plaintiff declined this offer and never conducted the depositions of any of these four individuals.

Argument on Plaintiff's motion to exclude evidence was held on January 11, 2006, at which time the Court denied the Plaintiff's motion, finding that the Plaintiff's criticisms of the documents produced by Mr. Allin went to the weight to be afforded the evidence, not to whether the evidence was sufficient as a matter of law. *Trans., p. 9 ("It may not be the best way to try to prove your case but it's a weight issue, isn't it?")*. The court further noted that Mr. Allin "can't be faulted for not producing what they don't have." *Trans., p. 3*. Moreover, Plaintiff's motion ignored completely the fact the Defendant would not be relying solely on documentary evidence but would also be presenting witness testimony in support of its claims.

At the end of the January 11 conference, a brief discussion was held as to whether Mr. Allin intended to call the four former employees (Vernon, Dzuban, Rohe and Haataja) as trial witnesses in corroboration of the four-page itemized summary statement of time and expenses. Counsel indicated that the summary statement itself was compiled from the available records and from the recollections of Mr. and Mrs. Allin. Thus, Mr. Allin did not intend to call these four former employees to corroborate the summary statement. However, the issue of the identity of any other witnesses to be called at the time of trial was not the subject of the Plaintiff's written motion and thus, defense counsel did not expect such an inquiry and was not really prepared to make a definitive and unalterable representation to the Court on that broader issue. In fact, in response to the informal inquiry as to whether the Defendant was going to call the four former

employees, counsel expressed the unsettled nature of the potential witness list by indicating "I don't think so." Contrary to Plaintiff's argument, counsel did not state that "all of the witnesses who would be called had been produced and that no additional witnesses would be produced at time of trial." *Plaintiff's Motion, ¶16*. No such statement was ever made.

At the January 11, 2006 conference, the Court extended discovery yet another time, until January 31, 2006. On January 23, 2006, the Plaintiff took the deposition of Mr. John Allin and Mrs. Margaret Allin. During this deposition, the Plaintiff did not ask for the identity of any witnesses to be called at trial.

On March 6, 2006, the Plaintiff filed a summary judgment motion which, in part, again raised the issue of whether sufficient proof existed to establish the work and services performed by Mr. Allin. On May 6, 2006, Mr. Allin filed his response in opposition to the summary judgment motion,[3] which included the affidavits of six former employees to corroborate the time they expended in performing work and services.[4] These six former employees <u>did</u> <u>not</u> include the four individuals previously noticed for deposition by the Plaintiff. Following the submission of these affidavits, the Plaintiff did not submit any requests for further information regarding these individuals nor did the Plaintiff request the opportunity to conduct the depositions of these individuals. Plaintiff did not request that discovery be re-opened so that Plaintiff could

---

[3] Mr. Allin's response was filed beyond the normal 30-day period under Rule 56 due to the Court's ruling of March 20, 2006 holding in abeyance all pretrial matters due to the then-recent filing of a third party complaint against Symbiot Business Group.

[4] These former employees were Tina Padilla-Albano, Lisa Edwards, Rudolph Rieder, Linda Spinelli, Michael Suleski and Chester Zelgowski.

6.

inquire further regarding this matter.  Although more than 4 months have since elapsed, Plaintiff still has not done anything to conduct discovery regarding these six former employees.

On June 26, 2006, Mr. Allin filed his pretrial narrative, which listed as witnesses the same six individuals who submitted affidavits in opposition to summary judgment.  Again, the Plaintiff did not seek to obtain any additional information, did not seek leave of court to conduct additional discovery and did not request that Mr. Allin agree to produce these individuals for deposition.  In fact, today, Mr. Allin remains ready, willing and able to produce these individuals at this time if the Plaintiff so desires.

Instead of availing itself of the numerous opportunities to conduct discovery, Plaintiff decided to sit back and file its motion to prevent Mr. Allin from presenting crucial evidence at trial.

II.     DISCUSSION

A.  Plaintiff's Motion for Sanctions Is Not Supported by Law or by the Facts

Plaintiff complains that Mr. Allin did not timely identify the witnesses to be called at trial.  This is a spurious claim because Plaintiff had not submitted any discovery requests relating to the witnesses to be called at trial.  However, as early as May, 2005, Mr. Allin produced documents which revealed the identity of those former employees who had knowledge regarding

the work and services performed by Mr. Allin.  Additionally, there is no allegation that Mr. Allin violated any discovery order relating to this issue.  In fact, Mr. Allin had produced volumes of documents which provided Plaintiff with requested information.  Therefore, there is no basis to impose sanctions against Mr. Allin.

Plaintiff's motion seeking to impose the harsh sanction of the exclusion of evidence at trial, must be evaluated under Rule 37.  There is no other applicable Rule of Civil Procedure which could grant the relief requested in the context presented by Plaintiff's motion.  Certainly, Plaintiff does not cite to any other Rule or, for that matter, to any principle of controlling law.

In relevant part, Rule 37 states as follows:

> **Rule 37.  Failure to Make Disclosure or Cooperate in Discovery; Sanctions.**
>
> \*          \*          \*
>
> **b.  Failure to Comply With Order.**
>
> \*          \*          \*
>
> **2. Sanctions by Court in Which Action is Pending.**  If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just among others the following:
>
> \*          \*          \*

> B. An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.
>
>     *    *    *
>
> **d. Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.** If a party . . . fails . . . to serve answers or objections to interrogatories . . . or to serve a written response to a request for inspection . . . the court in which the action is pending on motion may make such order in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B) and (C), of subdivision (b)(2) of this rule.

The sanction of exclusion of evidence is unquestionably a harsh punishment. This is especially so when the evidence precluded goes to the heart and substance of a party's case. Therefore, the sanction is only "justified . . . when the failure to comply with a court order is due to willfulness or bad faith or is otherwise culpable." Hart v. Westchester County Dept. of Social Services, 160 F. Supp. 2d 570, 579 (S.D. N.Y. 2001).

For instance, in Newman v. GHS Osteopathic, Inc., 60 F.3d 153 (3rd Cir. 1995), the district court was affirmed in its rejection of the plaintiff's motion to exclude testimony of witnesses who allegedly had not been disclosed in response to discovery requests. The plaintiff there submitted interrogatories requesting that the defendant identify each person the defendant

intended to call at trial and to provide the substance of each witness's expected testimony.[5] In response, the defendant indicated that it had not yet determined the witnesses to be called at trial and it otherwise referred to those individuals identified in its initial disclosures. The plaintiff alleged that he did not receive the defendant's initial disclosures. Moreover, plaintiff argued that not only had he requested the identity of witnesses but he also requested to be informed of the substance of their expected testimony. The district court ruled that if plaintiff had not received defendants' initial disclosures of their witnesses, the plaintiff had received counsel's transmittal letter. This should have caused plaintiff to inquire further as to missing disclosures. Thus, the district court denied the plaintiff's motion in limine to preclude the testimony of these witnesses.

On appeal, the Court of Appeals in Newman affirmed this ruling. The Court of Appeals noted that under Rule 37 "sanctions shall not be imposed if substantial justification exists for the failure to disclosure, or if the failure to disclose was harmless." 60 F.3d at 156. Although the district court enjoys discretion in imposing sanctions, "the district court may be found to have abused its discretion if its 'exclusion of testimony results in fundamental unfairness in the trial of the case.'" Id. The Court of Appeals found that there was no evidence that the defendant had acted in bad faith. Additionally, since the plaintiff had received the transmittal letter, plaintiff could have cured the discovery deficiency of which plaintiff was now complaining. Thus, the defendant's failure to provide the information in response to the interrogatories was harmless.

---

[5] Heritage chose not to propound such discovery requests of Defendant.

Similarly, in Ali v. Sims, 788 F.2d 954 (3rd Cir. 1986), the district court's order imposing sanctions against the defendant was reversed. The Court of Appeals found insufficient evidence of bad faith on the part of the defendant and found no prejudice to the plaintiff. The district court had entered sanctions for the defendant's failure to respond to interrogatories as ordered by the magistrate judge. The district court found that the defendant had "brazenly ignored" the magistrate's order. Id. 788 F.2d at 956. As a sanction the district court deemed all factual allegations of the complaint to have been admitted by the defendant.

On appeal, this ruling was reversed by the Court of Appeals in Ali. The Court of Appeals noted that the district court's discretion to impose sanctions is not without limit. Rule 37 sanctions must be evaluated in light of the following facts: 1) the extent of the party's personal responsibility; 2) history of dilatoriness; 3) whether the attorney's or the party's conduct was willful or in bad faith; 4) meritoriousness of the claim; 5) prejudice to the other party; and 6) appropriateness of alternative sanctions. Id. 788 F.2d at 957. The Court of Appeals ruled that the district court abused its discretion by imposing sanctions because, among other reasons, there was no indication of personal responsibility of the defendant for failing to abide by the discovery order and there is no evidence that the conduct of the defense counsel was "willful or in bad faith." As to the issue of prejudice to the plaintiff, the court ruled that this was not a situation where failure to respond caused the "irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." 788 F.2d at 958. See also Scarborough v. Eubanks, 747 F.2d 871 (3rd Cir. 1984) (district court sanctions reversed where there was no evidence of a party's personal

11.

responsibility or of bad faith or willful conduct); Dudley v. South Jersey Metal, Inc., 555 F.2d 96 (3rd Cir. 1977) (district court's sanction order, precluding introduction of evidence, was reversed even if defendant's failure to amend prior discovery responses is viewed as "pure neglect and perhaps also a lack of professional courtesy on the part of" counsel); Fitz, Inc. v. Ralph Wilson Plastics Co., 174 F.R.D. 587, 591 (D.N.J. 1997) (even plaintiff's failure to produce witness declarations was a violation of discovery rules, and counsel's excuse "is the kind of conduct which gives credence to the public's concerns and skepticism of the legal system," this was insufficient to support "severe sanction" of the preclusion of evidence).

Heritage clearly is not entitled to the relief requested in its motion.  First, Mr. Allin has not failed to respond to any discovery request propounded by Plaintiff.  Volumes of documents have been produced by Mr. Allin.  Plaintiff chose not to specifically request in interrogatories any information relating to the identity of individuals who are to be called at the time of trial.  Plaintiff does not allege otherwise.

Even without submitting interrogatories to obtain this information, Plaintiff previously possessed and/or received detailed information regarding the individuals with knowledge relating to the work and services performed by Mr. Allin.  For instance, some of these former employees were identified in both parties' initial disclosures.  In fact, three of these former employees (Vernon, Suleski and Edwards) were listed in Plaintiff's Rule 26 Report which was submitted on February 9, 2005.  Mr. Allin's initial disclosures of February 9, 2005 listed two additional former employees (Marshall and Rieder).  The documents produced by Mr. Allin

revealed the names of all of the employees involved in the contract and provided information regarding the nature and scope of each employee's involvement in the work here at issue.

Furthermore, not only were there no discovery requests submitted on this issue, there was no order of court compelling Mr. Allin to disclose his trial witnesses, other than the CMO requirement of the filing of a pretrial narrative. Plaintiff does not dispute this fact. After receiving Mr. Allin's pretrial narrative, Plaintiff did not request to depose those individuals identified as witnesses.

The Plaintiff attempts to support its motion for sanctions by relying upon a discussion held in chambers on January 11, 2006 where counsel indicated that the summary statement of expenditures would be introduced through the testimony of Mr. and Mrs. Allin. The issue of the identity of witnesses to be called at trial was not raised in the Plaintiff's motion which was being discussed at the January 11, 2006 conference. As such, defense counsel was not prepared to make, nor was he in a position to make a firm commitment regarding all trial witnesses at that time. In fact, counsel did not make any such commitment.

It is also telling that at no time prior to the close of discovery on December 10, 2005, had Plaintiff scheduled the depositions of any former employees of Mr. Allin. Therefore, it is not accurate to suggest that the January 11, 2006 discussion caused Plaintiff to change or modify any planned discovery. Although the identities of all of these witnesses was known to Plaintiff, either by Plaintiff's firsthand knowledge or by disclosure through the volumes of

13.

documents produced by Mr. Allin, it is obvious that Plaintiff did not believe that it was important to interrogate these people. In fact, at no time through the present time, did the Plaintiff conduct any discovery nor ask for the Court to enlarge the discovery period regarding any of these individuals. Instead of trying to secure such information, the absence of which it now argues supports a sanction order, Plaintiff was satisfied to sit on its hands.

      The evidence which Plaintiff seeks to preclude is critical to Mr. Allin's defense. The defense of set-off is one of the key defenses asserted. If Plaintiff's motion is granted, Mr. Allin would be significantly and adversely affected in his defense. Therefore, the Plaintiff's motion for imposition of sanctions must be denied.

      Respectfully submitted,

      ELDERKIN, MARTIN, KELLY & MESSINA

By  /s/ Craig A. Markham
    Craig A. Markham, Esquire
    Attorney for Defendant
    150 East Eighth Street
    Erie, Pennsylvania 16501
    (814) 456-4000