IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERITAGE REALTY MANAGEMENT, INC., | Docket No.  04-333 ERIE |
| | (Judge Sean J. McLaughlin) |
| Plaintiff | ELECTRONICALLY FILED PLEADING |
| vs. | PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE IRRELEVANT, PREJUDICIAL EVIDENCE |
| JOHN ALLIN d/b/a ALLIN COMPANIES and SNOW MANAGEMENT GROUP, | |
| | Filed on behalf of:  Plaintiff, Heritage Realty Management, Inc. |
| Defendant | |
| | Counsel of record for this party: |
| | Richard A. Lanzillo, Esq. |
| | Knox McLaughlin Gornall & Sennett, P.C. |
| | 120 West 10th Street |
| | Erie, PA 16501 |
| | Telephone (814) 459-2800 |
| | Facsimile (814) 453-4530 |
| | Email rlanzillo@kmgslaw.com |
| | PA53811 |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE IRRELEVANT, PREJUDICIAL EVIDENCE

AND NOW, comes the plaintiff, Heritage Realty Management, Inc. ("Heritage"),

by and through its counsel, Knox McLaughlin Gornall and Sennett, P.C., and in opposition to

defendant's Motion in Limine to Preclude Irrelevant, Prejudicial Evidence, states as follows:

## INTRODUCTION

The substance of John Allin's ("Allin's") Motion in Limine is puzzling because it

suggests that this Court might ignore the Federal Rules of Evidence, and admit irrelevant and

prejudicial evidence.  The lack of necessity for such a pre-trial ruling aside, Allin's motion

highlights the limited issues remaining for trial and Allin's failure to comprehend the impact of this Court's prior Orders on those issues.

In its June 21, 2006 Order, in which this Court denied the parties' cross-motions for summary judgment, it significantly narrowed the issues left for the parties to try. This Court expressly found the contract at issue to be clear and unambiguous, and to entitle Heritage to a return of its full $340,482.90 payment to Allin, less any set-off for work or services that Allin preformed, that are compensable under the Contract, and that Allin could prove at trial. This order established Heritage's contractual right to a return of its payment and left only Allin's argument for a set-off from this return to be tried. Thus, this Court has already concluded, as a matter of law, that Heritage is entitled to a return of its payment. Accordingly, Heritage has no burden left at trial. In fact, the only remaining issue to be tried is whether Allin can prove that he performed any compensable services or provided any equipment or materials that would entitle him to a set-off from his obligation to repay to Heritage the full $340,482.90 payment. Thus, Allin's motion in limine seeking to restrict Heritage's proof in support of its anticipatory breach of contract claim is moot -- Heritage has no burden at trial to establish its legal entitlement to a return of its payment and need not present any evidence on this point.

## ARGUMENT

**I.    Allin's Motion Should be Denied to the Extent it Seeks to Bar Evidence Relating to Allin's Purported Performance Under the Contract**

### A.    The only remaining issue for trial is the amount of reimbursement to which Heritage is entitled.

In the instant case, it is undisputed that "the parties entered into a contract on October 13, 2004 wherein Allin agreed to "provide all services required to manage, supervise and assure" the performance of all "snow and ice piling, snow blowing, shoveling, salting,

sanding and snow and ice removal operations." (June 21, 2006 Order of Court)  That contract also provided that plaintiff could terminate the contract at anytime, provided it pay the defendant for all work and services performed as of the date of termination. (Id.)

Upon execution of the contract in question, Heritage made an initial payment of $340,482.90 to Allin. Shortly thereafter, and pursuant to its uncontested contractual rights, Heritage terminated its contract with Allin.  Allin, however, refused to return any portion of the $340,482.90.  Heritage subsequently initiated this action.

Generally, when a contract is clear and unambiguous, a court may determine its meaning as a matter of law. Bethlehem Steel Corp. v. United States of America, 270 F.3d 135, 139 (3rd Cir. 2001); citing, Int'l Union v. Skinner Engine Co., 188 F.3d 130, 138 (3rd Cir. 1999). After reviewing the termination provision at issue, this Court stated: "I am of the view that that particular provision of the contract is clear and unambiguous within the meaning of the previously-described cases." (June 21, 2006 Order of Court)  This Court continued: "[I]n other words, if the contract is terminated during a given year, Heritage's obligation is to pay for all the work or services performed and equipment and materials supplied to the date of termination." Id. (Internal quotation omitted)

Thus, this Court has already found as a matter of law, that the contract is not only clear and unambiguous, but also that Heritage is only obligated to pay for "work or services performed and equipment and materials supplied to the date of termination."  Id., Bethlehem Steel Corp., 270 F.3d at 139; citing, Int'l Union., 188 F.3d at 138.  If Allin can prove he performed "work or services" for Heritage that are compensable under the contract and law, then Heritage must pay the reasonable value of those services.  Thus, Allin can prove a set-off to his established obligation to return the $340,428.90 payment to Heritage.

In fact, this Court reasoned, to read the contract otherwise would be "nonsensical" and create an impermissible windfall for defendants. (June 21, 2006 Order of Court)  Therefore, in light of this Court's ruling, the only dispute remaining is the extent and value of any "work or services" performed by defendant pursuant to the contract, prior to its termination.

As such, any evidence which may relate to the value or reasonableness of defendant's performance under the contract, prior to its termination, is clearly relevant and should not be barred.  Accordingly, to the extent defendant's motion seeks to bar evidence which may be relevant toward defendant's purported performance under the contract, defendant's motion should be denied.

### B.    Plaintiff Has No Burden of Proof at Trial

Moreover, since the only remaining issue to be resolved is the "work or services" defendant purportedly performed under the contract, the burden of proving precisely the "work or services" provided is placed appropriately upon the defendant. Northwestern Nat. Bank v. Commonwealth, 345 Pa. 192, 204, 27 A.2d 20 (1942) (holding that a counterclaimants vague testimony regarding set-off failed to meet the counterclaimant's burden of proof to establish that set-off.); see also, G.A.C. Credit Corp. v. Acme Accordian Studios, Inc., 210 Pa.Super. 148, 151, 286 A.2d 678 (Pa.Super.1971).  Therefore, this Court's June 21, 2006 Order has effectively relieved Heritage of any such burden of proof at trial, since its right to reimbursement has been resolved in its favor as a matter of law.

Thus, at trial, Allin bears the burden of proving any "work or services" he performed under the contract, and the reasonable value of such work or services. Id. Consequently, any evidence relating to Allin's purported performance under the contract should

not be barred, and to the extent Allin seeks to exclude evidence relating to its purported

performance under the contract, his motion should be denied.

WHEREFORE, Heritage respectfully requests that this Court enter an order

denying the Allin's motion in limine to preclude irrelevant and prejudicial evidence, and for any

other relief this Court deems just.

Respectfully submitted,

KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.


BY: /s/ Richard A. Lanzillo, Esq.
Richard A. Lanzillo, Esquire
Bryan G. Baumann, Esquire
120 West Tenth Street
Erie, PA  16501
Telephone (814) 459-2800
Facsimile (814) 453-4530
Email rlanzillo@kmgslaw.com
PA53811


Attorneys for plaintiff,
Heritage Realty Management, Inc.

# 691674